## 77450. WHELCHEL v. THOMAS FORD TRACTOR, INC.
(378 SE2d 510)

BIRDSONG, Judge.

Appellant/plaintiff filed notice of direct appeal "from the Order denying Plaintiff's Motion for New Trial." His motion for new trial was based on the general grounds, and was subsequently amended to include assertions of error, by admitting over objection, evidence of collateral source and by charging the jury as to the collateral source rule of OCGA § 51-12-1 (b).

Appellant/plaintiff was injured in an accident while driving a tractor with a cutter, which had been sold and connected together by appellee several years earlier. The injury occurred on May 7, 1982; pursuant to OCGA § 9-2-61, suit was filed on November 1, 1985. The new collateral source rule of OCGA § 51-12-1 (b) became effective on July 1, 1987. *Held*:

1. Appellant asserts that the trial court erred in allowing the introduction of collateral source evidence and in subsequently charging the court as to the collateral source rule of OCGA § 51-12-1 (b).

The jury was informed of certain Social Security benefits and workers' compensation received by the appellant as a result of injuries sustained in the accident. The charge of the court was as follows: "[Y]ou . . . have heard evidence . . . the plaintiff has compensation or other benefits available to him as a result of his injuries . . . you may consider such . . . compensation or benefits . . . in making any award of *damages*, but you do not have to consider it." (Emphasis supplied.)

The admission of collateral source evidence and the giving of the above charge were errors, as the collateral source rule of OCGA § 51-12-1 (b) cannot be given retroactive effect and operates prospectively only. *Powell v. Stephens*, 258 Ga. 149 (368 SE2d 518); *Polito v. Holland*, 258 Ga. 54 (365 SE2d 273). However, "[i]t is an old and sound rule that error to be reversible must be harmful. [Cit.] Appellant must show error which has hurt him." *Leverett v. Flint Fuel*, 183 Ga. App. 75, 78 (3) (357 SE2d 882); see *Jackson v. Kight & Sons*, 159 Ga. 584 (3) (126 SE 379).

The above charge limited the jury's discretionary consideration of the admitted collateral source evidence to the question of damages. It is well-settled that "the giving of a charge . . . or in the admission or exclusion of evidence, which go only to the matters of damages or the measure of damages, are harmless and afford no ground for reversal where a verdict was returned in favor of the defendant." *Maloy v. Dixon*, 127 Ga. App. 151, 156, n. 2 (193 SE2d 19), and cases therein cited; see *Johnson v. Amerson*, 179 Ga. App. 75 (2) (345 SE2d 94). Appellant, however, invites this court to speculate that the jury would ignore the limited purpose for which the collateral source evidence

was admitted and would consider it in determining the question of liability. We will not engage in such unwarranted speculation regarding the conduct of the jury, as "[t]his court is a court for the correction of errors and its decision must be made on the record . . . and not upon the briefs of counsel." *Jenkins v. Bd. of Zoning*, 122 Ga. App. 412 (2) (177 SE2d 204). This assertion of errors is without merit.

2. Appellant also asserts that the trial court erred in refusing to charge the jury on the theory of products liability. We find that the appellant has waived this issue.

In this case, the appellant objected, during the charge conference, to the trial court's decision not to give the requested charge. Subsequently during the same charge conference, after objecting to a proposed charge on collateral source evidence, appellant openly acknowledged the requirement to "perfect the record after the court gives the charge." However, *after* the charges were given to the jury, the appellant did not thereafter object to the trial court's actual omission of the requested charge, notwithstanding inquiry by the trial court as to this matter. " 'An objection to an instruction which is made during a charge conference, but which is not made or reiterated following the giving of the charge, fails to preserve the matter for review by an appellate court. The requirement is that there be a proper objection *after* the court instructed the jury and before the jury returned a verdict. (A)n objection made only at a charge conference is insufficient to preserve an issue for appeal.' " *Sims v. Johnson*, 185 Ga. App. 720-721 (365 SE2d 532); *Brown v. Sims*, 174 Ga. App. 243, 244 (329 SE2d 523). Moreover, this rule applies equally to the giving of an erroneous charge and to the declination to give a charge.

3. Appellant's other assertions of error are without merit, and there exists sufficient evidence of record to support the jury's verdict.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 2, 1989.

*James M. Walters*, for appellant.
*Roland H. Stroberg*, for appellee.