A89A0052. MALLOY v. ELMORE et al.
(382 SE2d 395)

BIRDSONG, Judge.

This is a personal injury action arising out of a multiple vehicle collision. The jury returned a verdict for the defendants, and appellant appeals the judgment and the trial court's order denying appellant's motion for new trial.

The collision occurred on December 16, 1983, and suit was initiated on April 4, 1986.

Appellant's sole enumeration of error is that the trial court erred in overruling appellant's motion in limine to exclude any collateral source evidence and in allowing counsel for appellees to cross-examine the appellant/plaintiff about his collateral source disability insurance benefits. The trial court denied appellant's motion in limine, overruled the in-court objections made to the admission of collateral source evidence, and overruled the objections made and exceptions taken to a collateral source charge to the jury.

The denial of appellant's motion in limine, the admission of collateral source evidence during cross-examination, and the giving of the collateral source charge was error, as the collateral source rule of OCGA § 51-12-1 (b), which became effective July 1, 1987, cannot be given retroactive effect and operates prospectively only. *Powell v. Stephens*, 258 Ga. 149 (368 SE2d 518); *Polito v. Holland*, 258 Ga. 54 (365

SE2d 273). However, the error to warrant reversal must be harmful, that is, prejudicial to the appellant. *Thomas v. Clark*, 188 Ga. App. 606 (373 SE2d 668); *Kelley v. Harris*, 187 Ga. App. 215 (369 SE2d 534); *Leverett v. Flint Fuel*, 183 Ga. App. 75, 78 (3) (357 SE2d 882).

The collateral source charge in the case sub judice limited the jury's discretionary consideration of the admitted collateral source evidence to the question of "special damages." "It is well-settled that 'the giving of a charge . . . or in the admission or exclusion of evidence, which go only to the matters of damages or the measure of damages, are harmless and afford no ground for reversal where a verdict was returned in favor of the defendant.'" *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (378 SE2d 510); *Maloy v. Dixon*, 127 Ga. App. 151, 156, n. 2 (193 SE2d 19) and cases cited therein; see *Johnson v. Amerson*, 179 Ga. App. 75 (2) (345 SE2d 94); *Parham v. Roach*, 131 Ga. App. 728, 730 (1) (206 SE2d 686). However, appellant in essence invites this court to speculate that the jury would ignore the limited purpose for which the collateral source evidence was admitted and would consider it in determining the question of liability. We will not engage in such unwarranted speculation regarding the conduct of the jury, *Whelchel v. Thomas &c.*, supra; *Thomas v. Clark*, supra, as "[t]his court is a court for the correction of errors and its decision must be made on the record . . . and not upon the briefs of counsel." *Jenkins v. Bd. of Zoning &c. of Columbus*, 122 Ga. App. 412 (2) (177 SE2d 204).

Appellant's enumeration of error and other assertions are without merit.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 16, 1989.

*Dailey & Groover, Lewis M. Groover, Jr.*, for appellant.
*Downey, Cleveland & Parker, Lynn A. Downey, Russell B. Davis, R. Chris Irwin & Associates, R. Chris Irwin, Kathleen M. Pacious*, for appellees.