A89A1427. HENDRICKS et al. v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al.
(387 SE2d 593)

CARLEY, Chief Judge.

Appellant-plaintiffs Mr. and Mrs. Bobby Hendricks filed suit against appellee-defendants Southern Bell Telephone & Telegraph Company (Southern Bell) and Mr. Raymond Harper, a Southern Bell employee. The complaint alleged the commission of a battery against Mr. Hendricks, in that Mr. Harper had "wrongfully, wilfully, and intentionally tricked and induced [Mr. Hendricks] to place a telephone receiver to his right ear which [receiver] had, at the time, a high frequency/high intensity tone being transmitted over the line at the direction and under the control of [Southern Bell], acting by and through its agent and employee [Mr. Harper]." For this alleged battery, appellant Mr. Hendricks sought compensatory and punitive damages and Mrs. Hendricks sought compensatory damages for loss of consortium.

The case was tried before a jury and a verdict in favor of appellees was returned. Appellants appeal from the judgment that was entered by the trial court on the jury's verdict.

1. In its charge to the jury, the trial court gave several of appellees' requested instructions which were to the effect that their liability for the alleged battery would be dependent upon an actual intent on the part of Mr. Harper to hurt or to cause physical harm to Mr. Hendricks. The trial court consequently refused to give appellants' requested instruction which was to the effect that a battery could have been committed by Mr. Harper *either* by his intentionally making physical contact of an insulting or provoking nature with the person of Mr. Hendricks *or* by his intentionally causing physical harm to Mr. Hendricks. The giving of appellees' requested instructions and the refusal to give appellants' requested instruction are enumerated as error.

Clearly, the act of intentionally causing actual physical harm to another is civilly actionable as a battery. See generally *Security Life Ins. Co. v. Newsome*, 122 Ga. App. 137 (1) (176 SE2d 463) (1970). However, the intent to cause actual physical harm to another is not

absolutely essential to the viability of a civil action for battery. "In the interest of one's right of inviolability of one's person, *any unlawful touching is a physical injury to the person and is actionable.*" (Emphasis supplied.) *Mims v. Boland,* 110 Ga. App. 477-478 (1) (a) (4) (138 SE2d 902) (1964). See also *Newsome v. Cooper-Wiss, Inc.,* 179 Ga. App. 670, 672 (1) (347 SE2d 619) (1986); *F. W. Woolworth Co. v. Loggins,* 115 Ga. App. 557 (1) (155 SE2d 462) (1967). *Greenfield v. Colonial Stores,* 110 Ga. App. 572, 574 (1) (139 SE2d 403) (1964); *Interstate Life &c. Co. v. Brewer,* 56 Ga. App. 599, 605 (1) (193 SE 458) (1937). "*Any unlawful touching of a person's body, although no actual physical hurt may ensue therefrom, yet, since it violates a personal right, constitutes a physical injury to that person.* [Cits.] The unlawful touching need not be direct, but may be indirect, as by the precipitation upon the body of a person of any material substance." (Emphasis supplied.) *Christy Bros. Circus v. Turnage,* 38 Ga. App. 581 (2) (144 SE 680) (1928). "Any act of physical violence (and the law will not draw a line between different degrees of violence), inflicted on the person of another, which is not necessary, is not privileged, and which constitutes a harmful or offensive contact, constitutes an assault and battery. If the circumstances of the occasion be not such as the law would permit an inference that the battery proceeded from anger, the jury may nevertheless be authorized to conclude, considering its nature and the circumstances, that it resulted from a lack of proper respect for the person on whom the contact was made. *Contact proceeding from rudeness is as offensive and harmful as that which proceeds from anger or lust, and in law constitutes an assault and battery.*" (Emphasis supplied.) *Brown v. State,* 57 Ga. App. 864, 867-868 (2) (197 SE 82) (1938).

An actionable battery may be accomplished by an unauthorized caress as well as by an unauthorized blow. See generally *Yarbrough v. State,* 17 Ga. App. 828 (88 SE 710) (1916). It is the intent to make either harmful *or* insulting or provoking contact with another which renders one civilly liable for a battery. *Interstate Life &c. Co. v. Brewer,* supra at 606-607 (1). Accordingly, appellees' liability was *not* dependent upon Mr. Harper's intent to cause actual physical harm to Mr. Hendricks. Appellees' liability could equally be premised upon Mr. Harper's mere intent to make contact of an insulting or provoking nature with Mr. Hendricks. The question of whether Mr. Harper acted with any *other* intent — whether wantonly, wilfully or maliciously — goes to the issue of the damages that are recoverable by appellants and not to the issue of appellees' liability for the act itself. "A physical injury done to another shall give a right of action to the injured party, whatever may be the intention of the person causing the injury, unless he is justified under some rule of law. However, intention shall be considered in the assessment of damages." OCGA §

51-1-13. Thus, if in addition to intending to make contact of either a harmful or an insulting or provoking nature with Mr. Hendricks, Mr. Harper *also* acted wantonly, wilfully or maliciously, appellees may be liable for punitive as well as compensatory damages. See OCGA § 51-12-5. It follows that the trial court erred in giving appellees' requested charges and erred in failing to give appellants' requested charge.

2. The trial court also erred in charging the jury on the defense of assumption of the risk. Assumption of the risk is a defense to a negligence claim, not a defense to a claim that is predicated upon an intentional tort such as battery. See generally *Harvey Freeman & Sons v. Stanley*, 259 Ga. 233, 234 (3) (378 SE2d 857) (1989).

3. The trial court did not abuse its discretion in allowing appellees to attempt to recreate in the presence of the jury the high frequency/high intensity tone which allegedly injured Mr. Hendricks. See generally *Doster v. Central of Ga. R. Co.*, 177 Ga. App. 393, 397 (5) (339 SE2d 619) (1985).

4. Appellants attempted to proffer evidence that Mr. Harper had a prior history of substandard performance as an employee of Southern Bell. The trial court excluded this evidence as irrelevant and this evidentiary ruling is enumerated as error.

Any evidence concerning Mr. Harper's prior *negligent* performance of his employment duties would appear to be utterly irrelevant to the issue of whether he committed an *intentional* tort such as was alleged in this action. "Questions of relevancy of evidence, which includes the issue of materiality, are for the court, and in the absence of an abuse of judicial discretion, this court will not interfere. [Cit.] Thus, as here, where the evidence did not appear to be material or illustrative of any issue in the case, its exclusion was not error. [Cit.]" *MacNerland v. Johnson*, 137 Ga. App. 541, 542 (1) (224 SE2d 431) (1976). Moreover, even assuming that the evidence of Mr. Harper's negligence was somehow marginally relevant, its admission would have confused the jury as to the issue of appellees' liability for the alleged intentional tort. "Evidence which is relevant may be excluded because its probative worth or value is outweighed by its tendency to confuse the issues, or the jury. [Cits.]" *MacNerland v. Johnson*, supra at 544 (2). Accordingly, we find no error in the trial court's exclusion of the proffered evidence.

5. For the reasons discussed in Divisions 1 and 2, the judgment is reversed and a new trial must be held.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 23, 1989.

*Loftiss, Van Heiningen & Ward, Thomas J. Loftiss II*, for appel-

lants.
*William U. Norwood III*, for appellees.