## A89A2133. STEVERSON v. EASON.
(390 SE2d 424)

POPE, Judge.

Appellant Evelyn Steverson, individually and as executrix of the estate of her late husband, G. W. Steverson, brought this wrongful death action against appellee Jessee T. Eason. G. W. Steverson died after his car was struck by a car driven by Eason while G. W. Steverson was making a left turn. The jury returned a verdict in favor of appellee Eason.

1. Steverson argues that the trial court committed reversible error by allowing retroactive application of OCGA § 51-12-1 (b), enabling Eason to introduce evidence of collateral source benefits. The accident involved here occurred in 1983, well before the July 1, 1987 effective date of the new collateral source rule embodied in OCGA § 51-12-1 (b). The admission of this evidence was error because OCGA § 51-12-1 (b) was a substantive change in the law and cannot be applied retroactively. *Polito v. Holland*, 258 Ga. 54 (365 SE2d 273) (1988). However, in light of the defendant's verdict returned by the jury, the error was harmless. *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (1) (378 SE2d 510) (1989).

2. Eason was represented at trial by an attorney provided by his insurance carrier, and because his exposure exceeded his policy limits, he hired a personal attorney to represent him as well. Steverson argues that the trial court erred in allowing both defense attorneys to speak in closing argument and that this violates OCGA § 9-10-182 (formerly Code Ann. § 81-1004) and Uniform Superior Court Rule 13.3. As is usual, plaintiff's counsel had the concluding argument. There was no error in the court's handling of this matter. *Taylor v. Powell*, 158 Ga. App. 339 (280 SE2d 386) (1981); *Duke v. Steed*, 127 Ga. App. 541 (194 SE2d 257) (1972).

3. The trial court did not err in failing to give Steverson's request to charge on admissions. Evidence was admitted at trial that Eason went to Steverson's house the day after the accident and told her that he felt responsible for her husband's death and that he would do whatever he could for her. "Our review of the transcript demonstrates

that appellee's post-incident statements clearly fall within the category of expressions of benevolence or sympathy and not into that of admissions of liability for the injury. [Cits.]" *Utz v. Powell*, 160 Ga. App. 888, 890 (2) (288 SE2d 601) (1982).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 19, 1990.

*J. Robert Morgan, Clyde M. Urquhart*, for appellant.

*Dickey, Whelchel, Brown & Readdick, Terry L. Readdick, Hutto, Palmatary, Magda & Krider, Jack S. Hutto*, for appellee.