A90A1155. U. S. INDUSTRIES, INC. et al. v. AUSTIN.
(397 SE2d 469)

BEASLEY, Judge.

A new trial was granted to plaintiff Austin following a defendants' verdict and judgment in this product liability action stemming from injuries allegedly sustained by Austin when he fell from a chair manufactured by U. S. Industries and sold by Allied. The new trial was granted solely on the basis that under *Polito v. Holland*, 258 Ga. 54 (365 SE2d 273) (1988), the trial court improperly interpreted and applied OCGA § 51-12-1 (b) retroactively and thus, erroneously overruled plaintiff's motion in limine, allowed into evidence workers' compensation payments from collateral sources, and charged the jury accordingly. This jury charge was not a ground of the motion for new trial, which claimed the general grounds plus several special grounds relating to evidence and jury charges.

1. The first grant of a new trial on the general grounds will ordinarily not be disturbed by the appellate court absent an abuse of discretion in that the evidence demanded the verdict rendered. See OCGA §§ 5-5-50; 5-5-51, and *Dunn v. Gilbert*, 217 Ga. 358 (122 SE2d 93) (1961). However, "the first grant of a new trial on special grounds involving a question of law is reviewable in a proper appeal. [Cits.]" *Smith v. Telecable of Columbus*, 238 Ga. 559, 560 (234 SE2d 24) (1977). The latter governs our consideration. *Cobb County Kennestone Hosp. Auth. v. Crumbley*, 179 Ga. App. 896 (348 SE2d 49) (1986).

2. Austin's fall allegedly occurred on or about December 24, 1983, suit was filed on June 14, 1985, and the trial was in January 1988. As in *Polito v. Holland*, supra, which was decided in March 1988, the

new substantive collateral source rule became effective after suit was filed and before trial. But "denial of [Austin's] motion in limine, the admission of collateral source evidence . . . , and the giving of the collateral source charge was error, as the collateral source rule of OCGA § 51-12-1 (b), which became effective July 1, 1987, cannot be given retroactive effect and operates prospectively only. *Powell v. Stephens*, 258 Ga. 149 (368 SE2d 518) [1988]; *Polito*, [supra]. However, the error to warrant reversal must be harmful, that is prejudicial to [Austin]. *Thomas v. Clark*, 188 Ga. App. 606 (373 SE2d 668) [1988]; *Kelley v. Harris*, 187 Ga. App. 215 (369 SE2d 534) [1988]; *Leverett v. Flint Fuel*, 183 Ga. App. 75, 78 (3) (357 SE2d 882) [1987]." *Malloy v. Elmore*, 191 Ga. App. 564, 565 (382 SE2d 395) (1989). See also *Mallory v. Daniel Lumber Co.*, 191 Ga. App. 234, 235 (1) (381 SE2d 406) (1989).

OCGA § 9-11-61 precludes a new trial unless the refusal to grant one "appears to the court inconsistent with substantial justice."

Although the court's order of January 1989 granting the new trial stated that the admission into evidence of collateral payments and instruction to the jury in this regard were so prejudicial and harmful so as to affect the verdict, the court did not explain how this was so. The record denies the presence of any prejudice or harm. The court's collateral source charge expressly confined the jury's consideration of the collateral source evidence to its determination of the amount of damages to be awarded to the plaintiff. Under the court's limiting instructions, the collateral source evidence did not weigh into the jury's deliberations because it never reached the question of damages; it found defendants not liable, so damage issues became moot. The court had also clearly instructed the jury: "Obviously, before you consider damages, you must first determine the liability of the defendant." As noted in *Malloy*, we will not "speculate that the jury would ignore the limited purpose for which the collateral source evidence was admitted and would consider it in determining the question of liability."

" 'It is well-settled that "the giving of a charge . . . or . . . the admission or exclusion of evidence, which go only to the matters of damages or the measure of damages, are harmless and afford no ground for reversal where a verdict was returned in favor of the defendant." ' [Cits.]" Id. at 565. See also *Reliford v. Central of Ga. R. Co.*, 140 Ga. App. 782, 783 (4) (232 SE2d 129) (1976).

The absence of prejudice or harm from the error which prompted the grant of new trial rendered it erroneous as a matter of law; plaintiff was not entitled to retrial on that basis.

3. The foregoing makes it unnecessary to address the remaining enumerations of error.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 12, 1990 —
REHEARING DENIED SEPTEMBER 26, 1990 —

*Grogan, Jones, Rumer & Gunby, Milton Jones, Chambers, Mabry, McClelland & Brooks, John C. Stivarius*, for appellants.
*Kenneth M. Henson, Jr.*, for appellee.