## A91A0008. DANIEL v. PARKINS.
(409 SE2d 233)

CARLEY, Judge.

Appellee-plaintiff filed suit against appellant-defendant, seeking to recover for a back injury that he allegedly suffered as the result of an automobile collision. The case was tried before a jury and a verdict in favor of appellee was returned. Appellant appeals from the judgment that was entered by the trial court on the jury's verdict.

1. Appellant stipulated to liability prior to trial. In one of his enumerations of error, appellant urges that, "[o]ver objection . . ., appellee was allowed to cross-examine appellant as to his failure to pre-

viously admit liability prior to the commencement of trial. . . ."

The record demonstrates that no objection that was raised below related to the timing of appellant's stipulation as to liability. Accordingly, this enumeration presents nothing for review. "[W]here the objection urged below is not argued here it must be treated as abandoned, and where an entirely different basis of objection is argued on appeal which was not presented at trial, we will not consider this as error, for we are limited on appeal to those grounds presented to and ruled upon by the trial court and then enumerated as error. [Cit.]" *Ehlers v. Schwall & Heuett*, 177 Ga. App. 548, 550 (340 SE2d 207) (1986). "An objection to the admission or exclusion of evidence must be specifically raised at trial in order to be heard on appeal. [Cit.]" *Dobbs v. Titan Properties*, 178 Ga. App. 389, 392 (4) (343 SE2d 419) (1986). "Only those grounds urged below will be considered on appeal. [Cit.]" *Tanner v. Gilleland*, 186 Ga. App. 377, 378 (1) (367 SE2d 257) (1988).

2. A physician was allowed to testify that, in his opinion, there was a causal connection between the collision and appellee's post-collision back surgery. Appellant urges that it was error to allow this expert opinion testimony because it was based solely on hearsay.

The physician did *not* purport to base his opinion exclusively upon other physicians' reports which were not admitted into evidence. Compare *Stouffer Corp. v. Henkel*, 170 Ga. App. 383, 386 (2) (317 SE2d 222) (1984). Instead, the physician's expert opinion was given in response to a hypothetical question which asked him to assume certain facts which were not within his personal knowledge and there is no contention on appeal that such assumed facts were not otherwise in evidence. Accordingly, it was not error to allow the physician to answer the hypothetical question. "[A]n expert witness's opinion may be predicated upon facts placed in evidence by the testimony of other witnesses or by any other legal means. . . ." *Mutual Benefit &c. of Omaha v. Hickman*, 100 Ga. App. 348, 362 (2) (111 SE2d 380) (1959).

3. Appellant enumerates as error the admission of evidence relating to appellee's medical benefits coverage under a policy of insurance.

This evidence was apparently offered by appellee in rebuttal of such collateral source evidence as had previously been introduced by appellant. Appellant's collateral source evidence was itself inadmissible. *Denton v. Con-Way &c. Express*, 261 Ga. 41 (402 SE2d 269) (1991). Obviously, the rebuttal of appellant's inadmissible evidence caused him no harm such as would authorize the grant of a new trial.

4. After the collision, appellee incurred medical bills for his preexisting heart condition as well as medical bills for the back injury that had allegedly resulted from the collision. "Where [medical] bills

include charges for treatment, drugs, and hospitalization for items other than those arising out of the cause of action, the plaintiff has the duty to segregate the irrelevant expenses since he has the burden of proof to show his losses in such manner as can permit calculation thereof with a reasonable degree of certainty." *Lester v. S. J. Alexander, Inc.*, 127 Ga. App. 470 (2) (193 SE2d 860) (1972). Appellee undertook to meet this duty by submitting for admission into evidence only edited medical bills from which the expenses that he had incurred in connection with his heart condition had purportedly been excised. Appellant nevertheless objected to the admission of even these edited medical bills, urging that there had been no testimony as to "who [the health care providers listed on the bills] are, how are we going to know . . . which ones are for the heart and which ones aren't?" The admission of the edited medical bills over this objection is enumerated as error.

The admission of appellee's edited medical bills was dependent upon neither testimony by nor testimony about the specific health care providers. All that was required was "that it be shown [that medical] expenses were incurred in connection with the treatment of the injury, disease or disability involved in the subject of litigation at the trial, which may be done by lay testimony. [Cit.]" *Lester v. S. J. Alexander, Inc.*, supra at 470 (1). Accordingly, appellee's own testimony that the edited medical bills represented expenses incurred in connection with the treatment of the back injury that he allegedly sustained in the collision was sufficient to authorize their admission into evidence. *Georgia Farm &c. Ins. Co. v. Middleton*, 171 Ga. App. 454 (2) (319 SE2d 909) (1984). Whether the edited medical bills did in fact represent treatment only for appellee's back injury and whether any irrelevant bill for his pre-existing heart condition had been included in those submitted for admission were topics for appellant to pursue on cross-examination of appellee. OCGA § 24-7-9 (b). Accordingly, there was no error in admitting the edited medical bills over appellant's objection.

5. Appellant moved for a directed verdict as to his liability for any expenses incurred in connection with appellee's back surgery, urging that there was no evidence to authorize a finding that the collision had necessitated the back surgery. See *Eberhart v. Morris Brown College*, 181 Ga. App. 516, 517 (1) (352 SE2d 832) (1987). Although the denial of this motion is enumerated as error, it is without merit in light of our holding in Division 2.

6. Appellant enumerates as error the trial court's failure to sustain a mere objection to an allegedly improper remark made in closing argument by appellee's counsel. No reviewable ruling having been invoked, this enumeration is without merit. *P. H. L. Dev. Corp. v. Sammy Garrison Constr.*, 171 Ga. App. 393, 396 (4) (319 SE2d 543)

(1984).

7. The jury was otherwise instructed on the legal principles contained in appellant's refused requests to charge. Accordingly, the failure to give those refused requests was not error. *Lenny's Number Two v. Echols*, 192 Ga. App. 371, 374 (3) (384 SE2d 898) (1989).

8. Appellant enumerates as error the admission of certain evidence over a hearsay objection. However, this enumeration has not been supported by argument or citation of authority. Accordingly, it is deemed abandoned in accordance with Court of Appeals Rule 15 (c) (2). *Estfan v. Poole*, 193 Ga. App. 507, 512 (6) (388 SE2d 373) (1989).

9. "We do not reach the matter raised in [appellant's] brief concerning the [refusal of the trial court to take judicial notice of the number of feet in a mile] since the issue was not enumerated as error." *Irvin v. Askew*, 241 Ga. 565, 566 (2) (246 SE2d 682) (1978).

10. Appellee's motion for the imposition of frivolous appeal damages pursuant to OCGA § 5-6-6 is denied.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED JUNE 25, 1991 —
RECONSIDERATION DENIED JULY 30, 1991.

*Greer, Klosik & Daugherty, John F. Daugherty, Donald J. Sharp,* for appellant.
*Clark & Smith, Craig T. Jones,* for appellee.