### A91A2234. WILLARD et al. v. WILBURN.
(416 SE2d 798)

BIRDSONG, Presiding Judge.

David and Brenda Willard, plaintiffs below, appeal from a defendant's judgment, based upon a jury verdict, in favor of Kimberly Holloway Wilburn on the Willards' claim arising from an automobile accident. The record shows the case was tried before our Supreme Court's decision in *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269), and the extract of the transcript of evidence designated by the Willards shows that collateral source evidence was introduced at trial.

Although expressed in several enumerations of error, the thrust of the Willards' appeal is the trial court erred first by permitting evidence of collateral source insurance benefits to be introduced in evidence and then by denying the Willards' post-trial motion based upon *Denton v. Con-Way Southern*, supra, because the trial court found any error was harmless. *Held*:

1. Our initial consideration is our jurisdiction to consider all the issues raised by the Willards. Court of Appeals Rule 32 (d); *Fabe v. Floyd*, 199 Ga. App. 322, 324 (405 SE2d 265). The Willards' third enumeration alleges that the trial court erred by denying their motion to set aside the judgment and in arrest of judgment, and the record shows that after judgment was entered in Wilburn's favor, the Willards filed a "Motion to Set Aside the Verdict and for a New Trial and Motion to Set Aside Judgment and In Arrest of Judgment." The record also shows this appeal is before us pursuant to the Willards' direct appeal under OCGA § 5-6-34 (a) and not through application under OCGA § 5-6-35. "Appeals from the denial of a motion to set aside the judgment under OCGA § 9-11-60 (d) are subject to the discretionary appeals procedure (OCGA § 5-6-35 (a) (8)) even when coupled with motions for a new trial or judgment n.o.v. OCGA § 5-6-35 (d). *State Farm &c. Ins. Co. v. Yancey*, 258 Ga. 802 (375 SE2d 39)." *Fabe v. Floyd*, supra at 325. Therefore, we are without jurisdiction to consider the Willards' fourth enumeration of error. Further, a motion in arrest of judgment is not an authorized method for attacking a civil judgment under OCGA § 9-11-60 (b). *Daniels v. McRae*, 180 Ga. App. 732, 733 (350 SE2d 317).

2. The Willards' remaining enumerations of error attack the trial court's denial of their motion based upon *Denton v. Con-Way Southern*, because the trial court ruled that "the admission of the evidence of Mr. Willard's group health insurance policy is not grounds to set

the jury verdict aside. The evidence goes to the question of 'special damages' and its admission was harmless where the jury determined the question of liability in favor of the defendant. *Malloy v. Elmore*, 191 Ga. App. 564 [382 SE2d 395]."

The Willards contend the statement in the plurality opinion in *Denton v. Con-Way Southern*, supra at 43, that "[o]ur Courts have adhered to the principle that evidence of collateral sources is inherently prejudicial because its infectious nature tends to contaminate the entire trial" means the harmless error rule is eliminated in collateral source appeals. We find this argument without merit.

In the first instance, we find nothing in *Denton v. Con-Way Southern* that requires such a result. The effect of *Denton v. Con-Way* was to restore our law, concerning admissibility of evidence of collateral sources, to its status before the effective date of OCGA § 51-12-1 (b). In cases decided after *Polito v. Holland*, 258 Ga. 54 (365 SE2d 273), this court has consistently tested the admission of collateral source evidence for harm (e.g., *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (378 SE2d 510); *Steverson v. Eason*, 194 Ga. App. 273 (390 SE2d 424)). As our Supreme Court undoubtedly was aware of our treatment of this issue before its decision in *Denton v. Con-Way Southern*, without a specific holding to the contrary we will not interpret their failure to address this issue as a rejection of the harmless error rule. Additionally, the harmless error rule is codified in Georgia (OCGA § 9-11-61), and as long as this Code section is in effect we are not free to disregard its commands.

Therefore, we must apply the well-established appellate rule that parties seeking a reversal must show not only error, but injury arising from the error alleged. *Georgia Power Co. v. Bishop*, 162 Ga. App. 122, 126 (290 SE2d 328). While our consideration of this appeal is hampered because the Willards designated only portions of the record and transcript, we note that the extract of the transcript provided does not show that the Willards objected to any of the testimony of which they complain. Although the Willards brief argues that such an objection was made in some unrecorded comment, we are bound by the record. *Whelchel v. Thomas Ford Tractor*, supra at 157. The Willards' additional argument that no objection was required because the evidence was inadmissible also is without merit. Only those issues properly raised in the trial court can be considered on appeal. *Department of Transp. v. Hillside Motors*, 192 Ga. App. 637 (385 SE2d 746).

Additionally, the extract of the transcript shows that evidence of the availability of collateral sources was contained on exhibits introduced by the Willards before the testimony about the collateral source, and the resulting testimony arose from the entries on those exhibits. Under these circumstances, the admission of the collateral

source evidence provides no basis for reversal. *Le Twigge, Ltd. v. Wammock, & Co.*, 187 Ga. App. 446, 448 (370 SE2d 631).

Further, collateral source evidence is not relevant to liability because OCGA § 51-12-1 (b) only authorized the finders of fact to consider collateral source evidence in awarding damages. Thus in appeals from defendants' verdicts, error concerning admissibility of collateral source evidence is usually found harmless because the trial court's charge limited the jury's consideration of this evidence to the question of damages and this court will not assume that the jury disregarded the charge. See *Malloy v. Elmore*, supra; *Whelchel v. Thomas Ford Tractor*, supra. In this appeal, however, we cannot review the collateral source charge because the Willards did not designate as part of the record the portion of the transcript containing the charge to the jury. Therefore, we must assume that the trial court gave a proper charge on consideration of collateral source evidence, and thus the trial court's denial of the Willards' motion for a new trial was correct. *Acker v. Jenkins*, 178 Ga. App. 393, 394 (343 SE2d 160).

The recent case of *Anepohl v. Ferber*, 202 Ga. App. 552 (415 SE2d 9) brought to our attention by the Willards is distinguishable from this appeal because the only issue submitted to the jury in *Anepohl* was damages.

Accordingly, the Willards' enumerations of error are without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED MARCH 2, 1992 —
RECONSIDERATION DENIED MARCH 16, 1992 — 

*Van C. Wilks*, for appellants.

*Downey, Cleveland, Parker & Williams, William S. Allred*, for appellee.