A91A1507. HAYES v. GARY BURNETT TRUCKING, INC. et al.
(417 SE2d 676)

COOPER, Judge.

Appellant was injured when her car was struck in the rear by a truck, and she subsequently filed a lawsuit against appellees, the truck company and the driver. Appellees denied liability and contended that the accident was the result of a sudden brake failure. Among appellant's theories of liability were that the brakes on the truck were not maintained in good working order and the appellees were negligent in failing to adequately inspect and service the braking system of the truck. The case was brought to trial before a jury, and a verdict was returned in favor of appellees. Appellant appeals from the judgment entered on the jury verdict.

1. Appellant contends in her first three enumerations of error that the trial court erred in excluding from evidence a statement made by the driver at the scene of the collision about prior brake problems and the condition of the truck's brakes. Prior to trial, appellees moved in limine to exclude evidence that four to six months before the accident with appellant, one of the two trucks owned by the company had a problem with a part of the braking system known as the diaphragm but that problem had been corrected. Appellees contended that in the accident involving appellant, the problem with the truck's brakes did not involve the diaphragm but occurred as a result of a broken screw in the braking system. The trial court granted appellees' motion in limine. At the end of the first day of trial, appellant made an offer of proof during which appellant stated that immediately after the collision, the driver of the truck approached her and said, "I knew I had problems with my brakes, and I told my boss." Appellant further testified that the day after the accident, the driver called her and said that about three months earlier he had a problem with a blown diaphragm on the truck. As part of her offer of proof, appellant also offered the deposition testimony of the truck driver who stated that other than the accident involving appellant, the only other brake failure on the truck involved the problem with the diaphragm. The trial court rejected appellant's offer of

proof, which was renewed at the beginning of the second day of trial and again rejected.

Appellant contends that the statement made by the driver at the scene was admissible as part of the res gestae. Although the driver's statement may have constituted res gestae evidence, it was not relevant to the issues in the case to the extent that it referred to the brake problem which occurred in the truck several months earlier. Appellant failed to offer any evidence to show that the driver's statement referred to any problem other than the one he described as occurring several months earlier. In fact, appellant's offer of proof showed that the prior problem was the only other problem the driver had experienced with the brakes on the truck, and appellant failed to demonstrate that the prior brake problem caused her accident. " 'Questions of relevancy of evidence, which includes the issue of materiality, are for the court, and in the absence of an abuse of judicial discretion, this court will not interfere. (Cit.)' " *Hendricks v. Southern Bell Tel. &c. Co.*, 193 Ga. App. 264 (4) (387 SE2d 593) (1989). Furthermore, " ' "[w]hile the relevancy of other occurrences is ordinarily within the sound discretion of the court, 'it is necessary that the conditions of the things compared be substantially similar.' (Cit.)" [Cit.]' [Cits.]" *Cooper v. Baldwin County School Dist.*, 193 Ga. App. 13 (1) (386 SE2d 896 (1989). Even if we assume that the statement of the driver had some marginal relevance, it was excludable if its probative value was outweighed by its potentially prejudicial impact and its tendency to confuse the issues. Accordingly, we find no error with the trial court's exclusion of the statement. *Hendricks*, supra at 266.

2. Appellant also enumerates as error the trial court's denial of her motion in limine to exclude evidence of collateral benefits available to appellant or in the alternative, the denial of her motion to bifurcate the trial pursuant to OCGA § 9-11-42 (b) as to liability and damages.

OCGA § 51-12-1 (b), in effect at the time appellant's cause of action arose, authorized the trial court to admit evidence of collateral benefits received by appellant relative to her alleged damages. While appellant's notice of appeal was pending, the Supreme Court of Georgia held in *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269) (1991) that OCGA § 51-12-1 (b) was unconstitutional. " ' " "(A)n appellate court must apply the law in effect at the time it renders its decision." (Cits.) While there well might be an exception to the rule to prevent "manifest injustice," (cit.), this equitable exception does not reach a private civil suit where the change (in the law) does not extinguish a cause of action but merely requires a retrial on damages before a properly instructed jury. (Cit.)' [Cits.]" *Anepohl v. Ferber*, 202 Ga. App. 552 (415 SE2d 9) (1992). Accordingly, under *Denton*, it was error for the trial court to allow the collateral source

evidence.

Appellees argue that the collateral source evidence was admissible because of appellant's injection into the trial of issues related to the financial hardship she suffered as a result of the accident and appellant's explanation that a gap in treatment by one of her physicians was due to her inability to continue to pay for the medical treatment. It is "permissible to cross-examine a plaintiff on the availability of insurance benefits 'to test his averment that he did not return to see a certain physician . . . because he was unable to pay for the physician's services.' [Cit.]" *Bridges v. Schier*, 195 Ga. App. 583 (2) (394 SE2d 408) (1990). However, we cannot conclude that by raising matters related to her financial condition after the accident, appellant opened the door for the admission of the collateral source evidence introduced by appellees. To allow such would enable appellees to get in through the back door the same prejudicial matter that the Supreme Court ruled in *Denton* to be inadmissible.

Appellees also argue, citing *U. S. Indus. v. Austin*, 197 Ga. App. 74 (397 SE2d 469) (1990) and *Malloy v. Elmore*, 191 Ga. App. 564 (382 SE2d 395) (1989), that the error was harmless because a verdict was returned for appellees. We disagree. In the case sub judice, contrary to *U. S. Indus.* and *Malloy*, the record does not reflect that any limiting instructions were given to the jury on the purpose for which collateral source evidence could be considered. Thus, we cannot conclude that merely because a verdict was returned in favor of appellees, the admission of the collateral source evidence was harmless error.

We note that the trial court could have avoided any possible prejudice to appellant by granting appellant's motion for a bifurcated trial. We recognize that " '[s]everance is largely a matter of discretion for the trial judge, and absent clear and manifest abuse of that discretion, it will not be interfered with on appeal.' [Cits.]" *Parks v. Consolidated Freightways*, 187 Ga. App. 576 (1) (370 SE2d 827) (1988). We do not find that the trial court clearly abused its discretion. However, considering that a constitutional challenge to OCGA § 51-12-1 (b) was pending in the Supreme Court of Georgia at the time of appellant's trial and given the likelihood that the admission of the collateral source evidence could pervade the jury's verdict, the better practice would have been to bifurcate the trial as to the issues of liability and damages.

For the foregoing reasons, we conclude that the trial court erred in denying appellant's motion in limine to exclude the collateral source evidence, thereby entitling appellant to a new trial.

*Judgment reversed. Birdsong, P. J., and Pope, J., concur.*

Decided March 11, 1992 —
Reconsideration denied April 2, 1992 —

Gambrell, Clarke, Anderson & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom, for appellant.

Long, Weinberg, Ansley & Wheeler, Lance D. Lourie, Debra E. Levorse, for appellees.