A92A2179. MOORE v. MELLARS.
(430 SE2d 179)

COOPER, Judge.

On December 13, 1989, Agnes Moore was involved in a vehicular accident. Moore sued Mellars to recover damages for the injuries she incurred and for pain and suffering. The suit was filed April 9, 1990,

and tried on April 6, 1992; the jury returned a verdict in favor of defendant Mellars, which Moore appeals. She enumerates as her sole error on appeal the allowance into evidence of collateral source funds.

The trial transcript reveals that on direct examination Moore was asked by her attorney if she had returned to certain physicians after she had surgery. Moore replied, "I went on for my regular examinations until my husband got out of work, and then the insurance — didn't have any." Before her attorney asked another question she stated, "Am I not supposed to say that?" Further direct examination followed.

Prior to cross-examination, defense counsel argued outside the presence of the jury that because the plaintiff had opened the door regarding the existence of insurance, he was entitled to further examination on this point. Over Moore's objection, the trial court ruled that because Moore had opened the door, Mellars could inquire in a limited fashion on this point.

Accordingly, this cross-examination took place:

"Q: You made a claim for all of those bills to your husband's insurance company, didn't you?

"A: Some of them, yes, sir. Some of them, they refused to pay.

"Q: Have you paid a dime of those bills —

"A: Sir?

"Q: Have you paid a dime of those bills yourself?

"A: Have we paid a dime?

"Q: Have you paid any of those bills?

"A: Yes.

"Q: Which ones would those be?

"A: I can't remember correctly. We have to pay twenty percent of everything, but there were certain tests that was ran — my husband could tell you better than I.

"Q: Do you know of any bills other than Dr. Karasu which has not been paid by the insurance company?

"A: We haven't finished paying Dr. Williams.

"Q: Well, you see Dr. Williams for problems unrelated to the accident, haven't you? [sic]"

[Defendant's attorney seeks to impeach Moore with her deposition, during which the following exchange occurs.]

"Q: Just follow along with me right here, at line 15. 'Ma'am, as of today, are you aware of any medical, hospital or chiropractic bill arising out of your treatment that has not been reimbursed to you by your husband's insurance?

"Answer: 'I haven't been reimbursed by any company. They've got notice that they've paid certain bills, but they haven't paid Dr. Karasu. Did I read that accurately?

"A: That's what it says.

"Q: So when you were asked that question before, the only one you knew that had not been paid was Dr. Karasu; is that correct?

"A: That's what it says there."

On redirect examination, Moore testified that she still owed doctors for treatment.

Citing *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269) (1991), Moore argues that the trial court erred in admitting this collateral source evidence. She claims that the admission of this evidence constituted error in that *Denton* prohibited this evidence in holding that OCGA § 51-12-1 (b), authorizing the admission of evidence of collateral source payments, was unconstitutional.[1]

As further support for her position, Moore cites *Hayes v. Gary Burnett Trucking*, 203 Ga. App. 693 (2) (417 SE2d 676) (1992). In that case, the trial was held while *Denton* was pending in the Supreme Court, and the trial judge admitted the collateral source evidence pursuant to OCGA § 51-12-1 (b). The jury returned a verdict for the defendant, and on appeal, the plaintiff argued that the trial court erred in denying her motion in limine to exclude the collateral source evidence and in denying her motion to bifurcate the trial. At the time of our decision in *Hayes*, the Supreme Court had ruled in *Denton* that OCGA § 51-12-1 (b) was unconstitutional. Consequently, we reversed the trial court's admission of the collateral source evidence. However, we affirmed the longstanding rule allowing cross-examination of a plaintiff on the availability of insurance benefits to impeach a plaintiff's contentions regarding financial inability to seek medical treatment. Contrary to Moore's assertions, *Hayes* does not present an "almost identical fact situation as this case." In this case, Moore injected the issue of insurance into the trial on direct examination and additionally, several of her own trial exhibits were medical bills which referred to her insurance coverage. The cross-examination regarding the insurance issue was limited. Since *Hayes* reiterated the recognized rule allowing limited cross-examination on collateral source funds for impeachment purposes, that case does not require a different result.

"[E]ven prior to the abolition of the collateral source rule [and the declaration of OCGA § 51-12-1 (b) as unconstitutional in *Denton*], it was permissible to cross-examine a plaintiff on the availability of insurance benefits 'to test his averment that he did not return to see a certain physician . . . because he was unable to pay for the physician's service.'" *Bridges v. Schier*, 195 Ga. App. 583, 584 (2) (394 SE2d 408) (1990), citing *Johnson v. Bryant*, 178 Ga. App. 327 (3) (343

---

[1] Regarding the legacy of *Denton*, see *Grissom v. Gleason*, 262 Ga. 374 (418 SE2d 27) (1992); see also *Cincinnati Ins. Co. v. Reybitz*, 205 Ga. App. 174 (1) (d) (421 SE2d 767) (1992).

SE2d 397) (1986). Although *Denton* held that the provisions of OCGA § 51-12-1 (b) were unconstitutional, we do not read that holding as broadly as do appellants. "The effect of *Denton v. Con-Way* was to restore our law, concerning admissibility of evidence of collateral sources, to its status before the effective date of OCGA § 51-12-1 (b)." *Willard v. Wilburn*, 203 Ga. App. 393, 394 (416 SE2d 798) (1992). Certainly, the pre-*Denton*, and proper, rule is that when plaintiff opens the door and testifies that lack of insurance or financial hardship prevented her from seeking treatment, defendant is allowed to cross-examine her on this point in the narrow, limited manner which the trial court allowed in this case. See generally *Daniel v. Parkins*, 200 Ga. App. 710 (3) (409 SE2d 233) (1991).

Because we find no error in admitting this testimony, we need not address appellee's additional argument that any error regarding damages was harmless in that the jury returned a verdict for appellee. See generally *Willard*, supra; *U. S. Indus. v. Austin*, 197 Ga. App. 74 (397 SE2d 469) (1990); *Malloy v. Elmore*, 191 Ga. App. 564 (382 SE2d 395) (1989).

*Judgment affirmed. Pope, C. J., Beasley, P. J., Johnson and Blackburn, JJ., concur. McMurray, P. J., Birdsong, P. J., and Andrews, J., concur specially.*

ANDREWS, Judge, concurring specially.

Although I concur with the majority's conclusion that the trial court's allowance of the testimony here was proper, I believe that it is necessary to overrule *Hayes v. Gary Burnett Trucking*, 203 Ga. App. 693 (2) (417 SE2d 676) (1992), to reach this result. In *Hayes*, which involved a quite similar situation, this court determined that pursuant to *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269) (1991), the allowance of the collateral source evidence constituted reversible error.

I recognize that there are factors which distinguish this case from *Hayes*. First, no motion in limine or motion to bifurcate was filed in the instant case. Furthermore, in *Hayes*, few details regarding the testimony and the nature of the collateral source evidence were given and it is possible that there are factual distinctions between *Hayes* and the instant case which are not readily apparent.

Nevertheless, to a large extent, the facts in this case and in *Hayes* are indistinguishable. Here, Moore injected the issue of insurance into the trial on direct examination and also through several of her own medical bills which were introduced as trial exhibits. Moore testified that a gap in treatment by one of her physicians was due to her inability to pay. In *Hayes*, the court specifically stated: "[a]ppellees argue that the collateral source evidence was admissible because of appellant's injection into the trial of issues related to the

financial hardship she suffered as a result of the accident and appellant's explanation that a gap in treatment by one of her physicians was due to her inability to continue to pay for the medical treatment. It is permissible to cross-examine a plaintiff on the availability of insurance benefits to test his averment that he did not return to see a certain physician because he was unable to pay for the physician's services. However, we cannot conclude that by raising matters related to her financial condition after the accident, appellant opened the door for the admission of the collateral source evidence introduced by appellees. To allow such would enable appellees to get in through the back door the same prejudicial matter that the Supreme Court ruled in *Denton* to be inadmissible." (Citations and punctuation omitted.) *Hayes* at 695. In my opinion, this portion of *Hayes* is inconsistent with an affirmance of the trial court's decision here to allow the testimony and is inconsistent with the principle, cited by the majority, that the law has now been restored to its status before the enactment of OCGA § 51-12-1 (b). See generally *Willard v. Wilburn*, 203 Ga. App. 393 (416 SE2d 798) (1992).

I am authorized to state that Presiding Judge McMurray and Presiding Judge Birdsong join in this special concurrence.

DECIDED MARCH 19, 1993.

*Jerome C. Ware*, for appellant.
*Harper, Waldon & Craig, Thomas D. Harper*, for appellee.