A94A2148. BALLARD v. WARREN.
A94A2149. WARREN v. BALLARD et al.
(456 SE2d 589)

BIRDSONG, Presiding Judge.

This appeal and cross-appeal are from a plaintiff's verdict in this suit arising out of a three-vehicle collision caused when defendant Graydon Lee Ballard III pulled from the road shoulder onto Interstate-24 into the paths of plaintiff Susan Jennifer Steele Warren's vehicle and a tractor-trailer rig owned by defendant Foster Trucking Company. Plaintiff Warren was awarded $78,500 against Ballard and nothing against Foster Trucking Company and its driver, Justin Walls.

Ballard contends the trial court erred in refusing to admit evidence of plaintiff's insurance coverage after plaintiff and her husband "falsely" testified that they themselves had to pay medical bills. Ballard further contends the verdict was so excessive as to be inconsistent with the preponderance of the evidence. Plaintiff Warren filed a cross-appeal. *Held:*

*Case No. A94A2148*

1. Plaintiff Susan Warren responded to a question about physical therapy costs: "I don't know the exact total. I'd have to look at figures to remember. I just know that I have a total of medical bills that is around $7,000. . . . Q. How much was your car worth? A. I believe like around $4,500. . . . I had to pay for my medical bills. And just to be driving down the road one day and all of a sudden my life turned upside down and have to face these medical bills." As to what medical tests she had, Warren responded: "I'm still paying for these medical bills on a payment plan right now because I can't, of course, pay all at one time. So I'm paying monthly right now for the medical bills. . . . [Here is] a list of my medical bills [that I've incurred] to date." The plaintiff then read to the jury a list of medical bills totaling $6,287.22. Plaintiff's husband testified that the only interest he had "is that ultimately all payment from this accident has fallen on us. And the inter-

est I have is to be able to pay those bills and replace her car which has all come back on us as a family."

Ballard's counsel made no objection to the plaintiff's statement, but, to the response of plaintiff's husband, Ballard's counsel objected that the witness was misleading the jury to believe plaintiff and her husband had to buy a new car and pay all the medical bills with their own money, which is false. Ballard's counsel asked to be allowed to inquire whether plaintiff received insurance money for the loss of the car and medical bills. The trial court refused.

Ballard contends the statements by plaintiff and her husband are false because their car damages and medical bills were paid by insurance. Plaintiff's counsel rejoins that Ballard is in a poor position to complain of misleading conduct inasmuch as Ballard denied any responsibility for the collision throughout the litigation until his opening statement, when he admitted liability. See *Ga.-Carolina Brick &c. Co. v. Brown*, 153 Ga. App. 747, 754 (266 SE2d 531); the parties may have placed themselves on equal footing in this regard.

Be that as it may, the trial court erred in refusing to permit Ballard to introduce evidence of plaintiff's insurance benefits. In *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269), the Supreme Court declared unconstitutional a law allowing evidence of "collateral sources" in consideration of damages. Such evidence is "inherently prejudicial." Id. at 43. "The effect of *Denton v. Con-Way* was to restore our law, concerning admissibility of evidence of collateral sources, to its status before the effective date of OCGA § 51-12-1 (b)." *Willard v. Wilburn*, 203 Ga. App. 393, 394 (416 SE2d 798). " 'Certainly, the pre-*Denton*, and proper, rule is that when plaintiff opens the door and testifies that lack of insurance or financial hardship prevented (plaintiff) from seeking treatment, defendant is allowed to cross-examine her on this point in the narrow, limited manner which the trial court allowed in this case.' " *Moore v. Mellars*, 208 Ga. App. 69, 72 (430 SE2d 179); see also *Patterson v. Lauderback*, 211 Ga. App. 891, 892 (440 SE2d 673) (cert. denied).

When, as in *Moore* and *Patterson*, a plaintiff falsely states that she was deprived of medical care, a defendant may be allowed "to impeach a plaintiff's contentions regarding financial inability to seek medical treatment" (*Moore*, supra at 71) and defendant is allowed to cross-examine the plaintiff "on this point in [a] narrow, limited manner." *Moore*, supra at 72; *Patterson*, supra.

Whenever a plaintiff "opens the door," admissibility of collateral source evidence is determined by the trial court's exercise of its discretion to balance the probative value of that evidence against its tendency to prejudice the jury unduly. See *Pullen v. State*, 208 Ga. App. 581, 585 (431 SE2d 696). In this case, as in *Moore* and *Patterson*, plaintiff and her husband testified that they incurred harm and hard-

ship which they did not incur, so as to give a false impression to the jury and invoke a sympathetic verdict not based on fact. It is true that injection of evidence of insurance coverage may infect a verdict, but this fact does not allow *plaintiffs* to infect the jury by implying they had no insurance coverage and then prohibit impeachment of such misleading evidence on grounds that the verdict will be "infected" by the truth. We do not condone the misleading of the jury by any party or witness. Collateral source evidence, if not of greater relevance than prejudice, may not be admitted, but neither may the plaintiff use that rule to mislead the jury. The evidence of insurance coverage was admissible in this case for the purpose of impeachment, and any possible prejudice to plaintiff was caused by her.

The trial court erred as a matter of fact and law in this case in determining that the prejudicial impact of the collateral source evidence outweighed its relevance. It is impossible to say the jury's verdict was not infected by the sympathy falsely invoked by plaintiff. Accordingly it must be reversed.

2. In view of this ruling, it is unnecessary to consider Ballard's enumeration that the award was clearly so excessive as to be inconsistent with the preponderance of the evidence. In general, however, a verdict supported by evidence cannot be set aside unless it plainly was induced by prejudice, bias or corrupt means. *Wayco Enterprises v. Crews*, 155 Ga. App. 775, 777 (272 SE2d 745). This verdict plainly was induced by prejudice caused by the plaintiff.

### Case No. A94A2149

3. As to plaintiff Warren's cross-appeal, the enumeration that the trial court erred in denying a new trial, is moot, in view of the ruling in Case No. A94A2148.

4. The trial court's ex parte opening of the default of defendant Justin Walls (the driver of defendant Foster Trucking Company's truck) is moot, as no default judgment was ever obtained against Walls, and the "opening of default," on substantive grounds was not error. The attorney for Foster Trucking Company submitted a sworn affidavit saying she intended the answer of Foster Trucking Company to include Walls' name in its heading, and the omission of Walls' name from that answer was an oversight. Moreover, the body of the answer did assert that Walls was not negligent, and Foster Trucking Company admitted Walls was acting in the scope of his employment.

5. The evidence authorized a jury charge on "sudden emergency" and "avoidance." Where there is any evidence, however slight, upon a particular issue, it is not error for the court to charge the law in relation to that issue. *Hicks v. Doe*, 206 Ga. App. 596, 598 (426 SE2d 174).

*Judgment reversed. Blackburn and Ruffin, JJ., concur.*

DECIDED FEBRUARY 8, 1995 —
RECONSIDERATION DENIED MARCH 29, 1995 —

*Baker, Kinsman & Hollis, N. Mark Kinsman,* for Ballard.
*Weiner, Yancey & Dempsey, Beryl H. Weiner, Weill & Weill, Harry Weill,* for Warren.