## 70080. HEYMAN v. FINANCIAL PROPERTIES DEVELOPERS, INC.
### (332 SE2d 893)

CARLEY, Judge.

Appellant-employee initiated the instant civil action against appellee-employer, alleging wrongful breach by appellee of a written employment agreement between the parties. In his complaint, appellant sought termination and severance pay allegedly owed to him under the terms of the employment agreement, as well as attorney fees. Following a jury trial, judgment was entered on a verdict in favor of appellee. Appellant appeals.

Asserting that the terms of the employment agreement were unambiguous and clearly entitled him to termination and severance pay, appellant contends that the trial court erred in denying his motions for directed verdict and judgment notwithstanding the verdict.

The relevant facts adduced at trial are as follows: Appellant was originally employed by A. R. Abrams, Incorporated, the parent company of appellee. After many years of employment by Abrams pursuant to an oral employment contract, appellant entered into a written employment agreement with appellee. That contract was renewed automatically after the first year. On February 12, 1982, another employment agreement was executed by the parties, which contract is the subject of the present appeal. This contract provided in pertinent part: "EMPLOYMENT AGREEMENT . . . . 3. The term of this Agreement shall be for a period of twelve (12) months and shall be effective as of February 1, 1982, and end on whichever of the following dates is the earliest: (a) The end of such twelve (12) month period if either party sends notice of termination at least thirty (30) days prior to the end of such period, or any renewal period; or (b) The date of death of the Officer; or (c) The termination date specified in any notice of termination of the Agreement pursuant to Paragraph 4 below. If neither party sends a *notice of termination pursuant to Paragraph 3(a) hereof*, the term of this Agreement shall automatically renew for an additional twelve (12) month period on the same terms and conditions hereof, as if a new agreement were entered into. . . ." (Emphasis supplied.) On March 2, 1982, the employment contract was modified pursuant to a letter agreement which stated: "[I]n the event of *your termination* by [appellee] *under paragraph 3(a), you will receive termination pay for which you are eligible* under [appellee's] Guideline for Termination of Salaried Employees (in effect at the time of notice of termination) . . . plus an additional six months' severance pay. . . ." (Emphasis supplied.)

Subsequently, appellant was given the following notice of termination, dated December 31, 1982: "As previously discussed, we have decided not to renew your Employment Agreement dated February

12, 1982, effective February 1, 1982. *Paragraph 3 of your Agreement* provides for automatic renewal of the Agreement for an additional twelve (12) months if we do not give *notice of termination* thirty (30) days prior to the end of the term. *To prevent automatic renewal* of the Agreement, we are giving you *notice of termination* at this time. This is a termination of your Agreement, not a termination of employment. We look forward to your continuing services as an employee and officer of [appellee]." (Emphasis supplied.)

Appellant asserts that under the clear and unambiguous language of Paragraph 3(a) of the employment contract, the supplemental letter agreement, and the termination letter, he was entitled to termination pay and six months' severance pay as a matter of law.

Where the terms of a contract are plain and unambiguous, no construction is required or even permitted. *Jones v. Barnes*, 170 Ga. App. 762, 765 (318 SE2d 164) (1984). The existence or nonexistence of ambiguity in a contract is a question of law for the court. *Foshee v. Harris*, 170 Ga. App. 394, 395 (317 SE2d 548) (1984). There can be no ambiguity unless, after the application of the rules of construction, the intention of the parties is uncertain. *Early v. Kent*, 215 Ga. 49, 50 (108 SE2d 708) (1959). A cardinal rule of construction is "that which goes most strongly against the party executing the instrument or undertaking the obligation is generally to be preferred." OCGA § 13-2-2 (5). In the instant case, the documents at issue were drafted by appellee.

In light of the above-stated principles of law, the letter agreement of March 2, 1982, modifying the employment contract clearly provides that if appellant were terminated *under the provisions of Paragraph 3(a)* of the employment contract, he "will receive" certain termination and severance pay. Subsequently, appellee terminated appellant's continued employment pursuant to a written agreement by specifically invoking that provision of Paragraph 3(a) of the employment contract.

Appellee asserts that an ambiguity exists in certain terms of the letter which modified the employment contract and established the termination pay. Appellee contends that the words "in the event of *your termination . . .*" are ambiguous because they could be interpreted to mean that appellant would be entitled to the specified pay only in the event that he was no longer employed in any capacity by appellee. However, under the terms of the agreements, appellant's right to severance and termination pay was contingent only upon termination of the employment *agreement* under Paragraph 3(a) of that agreement. That is exactly what occurred.

Appellee asserts that the intent of the parties was that appellant would receive severance pay only if he was bound by certain covenants not to compete which were contained in the employment agree-

ment, and that these covenants would restrict him only if he was discharged from employment. However, the contract contains no provisions which specifically tie termination pay to enforcement of the covenants. " ' "Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument." [Cit.]' [Cit.]" *Andrews v. Skinner*, 158 Ga. App. 229, 231 (279 SE2d 523) (1981).

Accordingly, the trial court erred in submitting to the jury the question of appellee's liability for severance and termination pay, and in denying appellant's motion for judgment notwithstanding the verdict as to liability. Further proceedings in the trial court will be necessary to determine the amount of money owed to appellant under the terms of the employment agreement. Also to be resolved below is whether appellant is entitled to attorney fees and, if so, the amount thereof.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED MAY 30, 1985 —
REHEARING DENIED JUNE 17, 1985 — 

*Joseph Lefkoff*, for appellant.
*David A. Rammelkamp*, for appellee.