77931. GAINES v. CROMPTON & KNOWLES CORPORATION
et al.
(380 SE2d 498)

BENHAM, Judge.

This appeal is from a judgment in favor of appellees-plaintiffs in a suit arising from a series of agreements between the parties. The agreements arose initially from the sale of a business by appellant to appellee Crompton & Knowles Corporation (C&K), and then from ap-

pellant's conduct with regard to covenants in those agreements restricting appellant's right to compete with appellees C&K and KEM Corporation (KEM). Alleging that appellant had violated the agreements in numerous ways, especially by covertly competing with appellees through the means of corporations ostensibly owned by members of appellant's family, appellees brought this suit against appellant and Testron International, Inc., to recover damages for breach of contract, fraud, breach of fiduciary duties, and conspiracy to breach contracts. The jury returned a verdict against both defendants; only appellant appeals.

1. In three of nineteen enumerations of error, appellant complains that appellees did not prove damages with regard to their claims of breach of contract and breach of fiduciary duties, and did not prove that there was a breach of fiduciary duties by appellant. We disagree.

A. With regard to damages for breach of contract, appellant's arguments center on his contention that appellees sought damages under the incorrect measure of damages. Specifically, appellant contends that appellees' recovery, if there should be any, is limited to the net profits lost through appellant's conduct. In *Reid v. Bryant*, 100 Ga. App. 105 (4) (110 SE2d 571) (1959), this court held that a plaintiff in a suit such as the present one could recover, in addition to lost net profits, damages for loss of customers and loss of employees. Both those additional forms of damages were sought and proved in this case, as well as lost profits. Contrary to appellant's insistence on appeal, appellees produced sufficient evidence for the jury to have a reasonable basis for determining the amount of net profit lost by appellees due to appellant's wrongful conduct; questions regarding the method of computing damages concern credibility, not probative value.

B. As to appellees' recovery for appellant's breach of fiduciary duties, we first note that, in contrast to appellant's present contention that since he was not an active employee or agent of appellees, he had no fiduciary duties, the clear language of the agreement the parties executed in 1979 placed on appellant certain fiduciary duties, and he testified at trial that he had such duties. Based on that evidence, the jury was authorized to find the existence of such duties. Appellant's enumerations of error contesting the existence of fiduciary duties and challenging jury charges related to those duties are, therefore, without merit. Evidence of appellant's disregard for those duties, including forbidden competition with appellees and recruitment of appellees' employees supported a finding of appellant's repeated breaches of his fiduciary duties.

The damages appellees sought for those breaches, return of amounts paid to appellant under the agreements between them, and

the profits of Testron, the entity appellant allegedly created and aided in his breach of fiduciary duties, were authorized by *Vinson v. E. W. Buschman Co.*, 172 Ga. App. 306 (1, 3) (323 SE2d 204) (1984).

Appellant's first, ninth and tenth enumerations of error are without merit.

2. In his second enumeration of error, appellant argues that three jury charges concerning damages were erroneous. The first of those, appellees' requested charge number 15, was a statement of the measure of damages set out in *Reid*, supra, and was clearly applicable to this case. Appellant's argument that the charge permitted a double recovery perverts the language of the charge: it did not authorize a double recovery, but permitted the jury to consider more than one way in which appellant's misconduct harmed appellees.

Appellees' request to charge number 19 asserted that lost profits and earnings are recoverable and that evidence of lost profits and earnings had been presented. Appellant takes issue with the inclusion there of the word "earnings." Pretermitting whether lost earnings, as opposed to profits, is an appropriate item of recovery, the trial court effectively limited the jury's consideration to lost profits by omitting any mention that there had been evidence of lost earnings, stating only that there had been evidence of lost profits, and by charging elsewhere that damages must be shown by the evidence. Under those circumstances, and viewing the charge as a whole, we find that it "cannot reasonably be said to have misled the jury as to the appropriate principle of law applicable to the case. [Cit.]" *Haynes v. Hoffman*, 164 Ga. App. 236, 238 (296 SE2d 216) (1982).

The third charge on damages to which appellant takes exception, appellees' requested charge number 21, is from *Bennett v. Smith*, 245 Ga. 725 (267 SE2d 19) (1980), and permitted the jury, if it found that appellee KEM's expenses and costs remained the same despite a loss in sales revenue, to award lost profits without first deducting expenses. Although appellant vigorously contested appellees' evidence that expenses and costs remained relatively fixed, there was evidence to that effect which the jury was entitled to credit if it chose. Since the charge was, therefore, both a correct statement of the law and authorized by the evidence, appellant's objection to it is nonmeritorious. *Lockard v. Davis*, 169 Ga. App. 208 (2) (312 SE2d 194) (1983).

3. Appellant's third enumeration of error, concerning the trial court's failure to give certain requested charges, is deemed abandoned for failure to support it by argument or citation of authority. *DeLoach v. Gen. Motors*, 187 Ga. App. 159 (4) (369 SE2d 484) (1988).

4. In several enumerations of error, appellant attacks the verdict against him on appellees' fraud claim, contending that the trial court erred in denying his motions for directed verdict and judgment notwithstanding the verdict with regard to appellees' fraud claim, that

the jury charges on that subject were incorrect, and that evidence relating to that claim was improperly admitted.

A. The first basis for appellant's argument that he was entitled to a directed verdict or judgment notwithstanding the verdict is that a release in the agreement of December 1980, an agreement entered into to settle a lawsuit arising from appellant's breach of earlier agreements, bars appellees' fraud claim. That argument ignores the fact that the fraud alleged was that appellant made representations in that December 1980 contract which he knew to be false because he had no intention of honoring the promises he was making therein. That being so, appellees' cause of action did not arise until after the contract was signed. "[A] 'release' must come after a cause of action has arisen." *Cash v. Street & Trail, Inc.*, 136 Ga. App. 462, 464 (221 SE2d 640) (1975). Since the cause of action had not arisen, the release did not relate to the fraud alleged in this suit.

B. The second basis appellant asserts on appeal as a bar to appellees' fraud action is that appellees waived the fraud. That ground was not asserted to the trial court in the motion for directed verdict or in the motion for judgment notwithstanding the verdict, so it is not properly before this court and will not be considered. *Chafin v. Wesley Homes, Inc.*, 186 Ga. App. 403 (3) (367 SE2d 236) (1988).

C. Appellant also argues that a merger clause in the December 1980 agreement bars appellees' assertion of an action for fraud. However, the so-called merger clause merely provides that the agreement is the entire agreement of the parties regarding the settlement of the lawsuit; it does not purport to merge any prior representations. Furthermore, appellees have not relied on representations extrinsic to the contract; their claim of fraud is based on alleged misrepresentations by appellant in the contract itself.

D. Although appellant enumerates as error the giving of eleven of appellees' requested charges on fraud, all but three are abandoned by lack of argument, two of those were not the subject of objections at trial, and the other was objected to on a ground different from that raised on appeal. Under those circumstances, appellant's complaints about the jury charges on fraud do not warrant consideration by this court. *Lovell v. Dept. of Transp.*, 187 Ga. App. 259 (370 SE2d 27) (1988).

E. Appellant's argument that evidence of pre-December 1980 conduct should not have been admitted to prove fraud is based on his contention that appellees' fraud claim was barred for the reasons discussed above. Since we have ruled that the claim was not barred, this argument fails as well.

F. Appellant's argument in support of his seventeenth enumeration of error is that the trial court erred in charging the jury on punitive damages because there was no viable tort claim in the case. Our

ruling in this division having destroyed the underpinnings of that argument, it must fall.

5. One ground of recovery asserted at trial was a conspiracy between Testron and appellant to breach appellant's contracts with appellees. Appellant's assertion that there is not such a cause of action is controlled adversely to him by *Luke v. DuPree,* 158 Ga. 590 (1) (124 SE 13) (1924). His assertion that jury charges on that claim were erroneous is based on the same misconception of the law and is equally without merit.

6. This lawsuit was prosecuted in Fulton County, and venue there as to appellant, a resident of Cobb County, was based on his status as a joint tortfeasor with Testron. Because the jury's verdict apportioned the damages between the defendants, appellant urges on appeal that the verdict shows that the jury did not award damages against the two defendants as joint tortfeasors, but severally, and that the basis for venue as to him was thereby destroyed. In making that argument, appellant ignores the rule that where, as here, the damage is to property rather than to the person, the jury may apportion the damages between the jointly-sued defendants. *ITT Terryphone Corp. v. Tri-State Steel Drum,* 178 Ga. App. 694, 700 (344 SE2d 686) (1986). Having failed to object to the form of the verdict at trial, appellant is not entitled to ask this court to speculate on how the verdict was calculated. "We are satisfied that the jury was authorized to assess a general and total amount of damages in favor of [appellees] . . . and then apportion those damages. . . . [Cits.]" Id.

7. Appellant's complaint in his twelfth enumeration of error, that the trial court erred in denying his motion for summary judgment, is without merit since the denial of summary judgment becomes moot after verdict and judgment. *Atlanta Car For Hire Assn. v. Whited,* 179 Ga. App. 893 (1) (348 SE2d 102) (1986).

8. Evidence of appellant's dealings with a Testron salesman who worked in areas where appellant agreed not to compete, and his financial dealings with an associate who was involved with appellant's family in Testron, was properly admitted to show that appellant violated the geographical restrictions imposed by the agreements to which he was a party, and that he sought to finance indirectly enterprises competing with appellees, in violation of the agreement.

9. A witness named Miller testified for appellees, and appellant contends it was error to permit him to interpret the several agreements for the jury. That contention is incorrect because the testimony to which appellant directs our attention is simply not of the character ascribed to it by appellant. Rather than interpret the agreements, Miller gave historical information providing a context for the agreements and the reasons for the various restrictive provisions in the agreements.

10. The trial court's failure to give appellant's requests to charge numbers 5 and 6 is enumerated as error. The argument on appeal as to request number 5 is not the argument made at trial in favor of giving the charge, so we need not consider it. *Lovell*, supra. Requested charge number 6, which would have instructed the jury that "where the parties have reduced to writing what appears to be a complete and certain agreement it will be conclusively presumed that the writing contains the entire agreement, and oral evidence of prior or contemporaneous representations or statements are not admissible to add to, take from, or vary the written instrument," purports to be taken from *Heyman v. Fin. Properties &c.*, 175 Ga. App. 146 (332 SE2d 893) (1985), but it omitted the key phrase, "in the absence of fraud, accident, or mistake" which should have followed the word "will." Id. at 148. Considering the allegations and evidence of fraud by appellant in this case, that omission robbed the requested charge of its meaning. A requested charge need be given only if it embraces a correct and complete principle of law and is adjusted to the evidence. *State Farm Fire &c. Co. v. Morgan*, 185 Ga. App. 377 (2b) (364 SE2d 62) (1987). The trial court was correct in rejecting request number 6.

11. In support of his contention that the trial court erred in charging the jury on attorney fees pursuant to OCGA § 13-6-11, appellant argues only that there was no evidence to support the charge. Evidence that appellant entered into the agreements with no present intention of keeping them was sufficient to authorize the charge and the recovery of attorney fees for bad faith. *Spearman v. Flanders*, 143 Ga. App. 759 (1) (240 SE2d 141) (1977).

12. Although he made no request for such a charge, appellant contends on appeal that the trial court erred in failing to instruct the jury on the resolution of ambiguous contracts. Unless the failure to give a charge is harmful as a matter of law to the extent that a gross miscarriage of justice is about to result, the absence of a written request is a waiver of the right to complain on appeal. *Williams v. Kennedy*, 240 Ga. 163 (2) (240 SE2d 51) (1977). We find no likelihood in the present case of a miscarriage of justice, and no merit in appellant's enumeration of error on that issue.

13. Finally, appellant's contention that the trial court erroneously restricted his testimony is a misstatement of the record. In fact, the ruling of which appellant complains was the trial court's overruling of appellees' objection to appellant's testimony concerning the intent of the parties in executing the agreements involved in this suit. What appellant characterizes as a limitation on the jury's consideration of his testimony was no more than a statement, in colloquy with counsel, of the reason the trial court was permitting appellant to testify about his subjective understanding of the contract.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

Decided March 10, 1989 —
Rehearing denied March 22, 1989 — 

*Bedford, Kirschner & Venker, Andrew R. Kirschner*, for appellant.

*David Schaeffer, Charles M. Kidd*, for appellees.