A04A1495. BEAL et al. v. COSTA et al.
(605 SE2d 631)

MILLER, Judge.

Robert S. Beal and Kay Beal (the Beals) sued Joe Costa, an insurance salesman, and Joe Costa & Associates, Inc., alleging fraud, negligence, and breach of fiduciary duty stemming from a failed investment.[1] Following a jury verdict in favor of the defendants, the Beals appeal, arguing that the trial court erred in granting the defendants' motion in limine. The Beals also enumerate as error the trial court's failure to give their requested jury charges on constructive fraud. We discern no error and affirm.

The Beals purchased investment vehicles known as viaticals through Joe Costa and his agency, investing a total of $200,000. In a viatical investment, the investor agrees to purchase the life insurance policy of a terminally ill person in exchange for payment to the dying policyholder (or viator) of an amount less than the death benefit

---

[1] The complaint also named Charles Parrott and Milton Applefield as plaintiffs. The trial court granted the defendants' motion to sever the trials, leaving only the Beals as plaintiffs in this action.

of the policy. Although Costa assured the Beals that they could not lose their investment, Future First Financial Group, Inc., through which Costa brokered the investments, was eventually unable to return the funds invested.

1. Prior to trial, the defendants filed a motion in limine to exclude evidence of other viatical sales by the defendants to other investors. The Beals argue on appeal that the trial court erred in granting the defendants' motion.

The record reveals that the trial court reserved ruling on the motion until later in the trial and only prohibited the Beals from referring to other viatical sales in their opening statement. The court stated, "don't mention [anything] about [other transactions] in your opening statement. That's all I'm telling you." During trial, plaintiffs' counsel not only questioned Joe Costa about his other viatical sales, but specifically asked him, "[t]hese fifty-one people that you sold viaticals to — that you personally did — Did you make the same representations to them that you made to the Beals?" Counsel also questioned one other investor about his purchase of viaticals through Costa.

Although plaintiffs' counsel was not allowed to mention Costa's other viatical sales during opening statements, evidence of other transactions between Costa and other investors was allowed. "Absent clear abuse, the trial courts' exercise of discretion in admitting or refusing to admit such evidence is entitled to deference, and should not be hamstrung by restrictive rulings." *Cooper Tire & Rubber Co. v. Crosby*, 273 Ga. 454, 457 (2) (543 SE2d 21) (2001). Therefore, we cannot say that the trial court abused its discretion when it prohibited mention of other transactions only during opening statements. See, e.g., *Kothari v. Patel*, 262 Ga. App. 168, 171 (1) (585 SE2d 97) (2003) (trial court properly limited evidence of similar transactions to issues of motive, intent, or course of conduct).

2. The Beals contend that the trial court erred in failing to give their requested jury charges on fraud. More specifically, they complain that the court failed to define constructive fraud as consistent with innocence.

The record here reveals that plaintiffs' counsel did not object to the court's failure to give the requested charges, and when asked whether he had any objections following the court's charge to the jury, plaintiffs' counsel stated, "No exceptions, Your Honor." This issue has been waived for purposes of appeal. See *Golden Peanut Co. v. Bass*, 249 Ga. App. 224, 231, 236 (2) (547 SE2d 637) (2001), aff'd, *Golden Peanut Co. v. Bass*, 275 Ga. 145 (563 SE2d 116) (2002); see also *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854, 856-857 (3) (360 SE2d 415) (1987).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

*Alan M. Alexander, Jr., Dave M. Hudgins*, for appellants.
*Hudson, Montgomery & Kalivoda, Kenneth Kalivoda, Owen, Gleaton, Egan, Jones & Sweeney, Charles J. Cole*, for appellees.