[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11925, 13-13436
_____

D.C. Docket No. 1:10-cv-01108-AT

R. WESLEY WETHERINGTON, M.D.,

Plaintiff-Counter Defendant-Appellee,

versus

AMERIPATH, INC.,

Defendant-Counter Claimant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(May 19, 2014)

Before ANDERSON and EBEL,* Circuit Judges, and UNGARO,** District Judge.

_____

*Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit, sitting by
    designation.

**Honorable Ursula Ungaro, United States District Judge for the Southern District of Florida,
    sitting by designation.

PER CURIAM:

We have had the benefit of oral argument and have carefully considered the briefs of the parties and relevant parts of the record.  For the reasons set out by the district court, and for the reasons fully explored at oral argument, we conclude that the judgment of the district court should be affirmed.  We amplify the foregoing in just a few particulars.

With respect to the crucial issue of whether the conduct of officials of AmeriPath (the Company) constituted a non-renewal of Plaintiff's Employment Agreement or a discharge without cause, we add the following comments.  We agree with the district court that what occurred here was a discharge without cause, and not a non-renewal.  If the Company's interpretation of the Agreement were correct, paragraph 14(c) of the Agreement (the provision with respect to discharge without cause) would be partially stripped of meaning.  We agree with the district court that the overwhelming evidence indicates that the actual actions by the Company officials constituted a termination without cause, and not a non-renewal. We agree with the district court that no reasonable jury could find otherwise.

With respect to the issue of the validity of paragraph 19(d), the non-solicitation clause, we agree with the district court that it is overly and unreasonably broad – reaching broader than any legitimate interest of the Company in protecting its investment in its employees.  Paragraph 19(d) bars Plaintiff from

hiring not only current employees but also former employees who have no confidential information and who resigned voluntarily as much as a year ago. Moreover, it bars Plaintiff from hiring even such former employees with whom Plaintiff had no relationship during his employment with the Company. The Company has no legitimate interest in protecting against the hiring of such former employees. Because Georgia law forbids blue-penciling, paragraph 19(d) is unenforceable in its entirety.

With respect to the Company's counterclaim for tortious interference, the only issue on appeal relates to the Company's claim that Plaintiff tortiously interfered with the Company's employment relationship with Stevens. Moreover, the Company does not dispute Plaintiff's assertion that Plaintiff, as a corporate officer of SkinPath, is not vicariously liable under Georgia law for the actions of Baker in hiring Stevens unless Plaintiff either personally participated in or specifically directed the commission of the tort. After carefully considering the record evidence, the district court concluded that the "record is devoid of any evidence that Dr. Wetherington actually participated in recruiting AmeriPath employees or specifically authorized Ms. Baker to recruit AmeriPath employees." The Company points to no evidence in its briefs on appeal to the contrary. For this and other reasons, we conclude that the Company's tortious interference claim is without merit.

3

Finally, with respect to the Company's challenge to the district court's conclusion that there was sufficient evidence to send to the jury Plaintiff's claim for bad faith attorney's fees under O.C.G.A. § 13-6-11, we cannot conclude that the district court erred in this regard.

For the foregoing reasons,[1] the judgment of the district court is

AFFIRMED.

---

[1]    Other arguments raised on appeal by the Company are rejected without need for further discussion.

UNGARO, District Judge, concurring in part and dissenting in part:

Pursuant to the terms of the employment contract, AmeriPath, Inc. ("AmeriPath") had an unqualified right to prevent the automatic renewal of plaintiff's employment term, but in the event it exercised that right, was required to give <u>notice of non-renewal</u> at least 60 days prior to the end of the term. Alternatively, AmeriPath was entitled to terminate plaintiff's employment without cause so long as it gave written <u>notice of such termination</u>.  These provisions are unambiguous; the mode of termination communicated is determinative. <u>See Heyman v. Fin. Properties Developers, Inc</u>., 175 Ga. App. 146, 147, 332 S.E.2d 893, 895 (Ga. Ct. App. 1985) (finding that the employee was terminated under a particular provision of an employment contract because that provision was "specifically invoked" in the termination letter). And the plain meaning of these provisions should govern despite the fact that it partially strips paragraph 14(c) of its force.[1]  Accordingly, because AmeriPath's letter to plaintiff communicated non-renewal and not termination, what occurred here was a non-renewal.  For this reason, I partially dissent.

---

[1]    There are admittedly 149 days in which it would be financially prudent for AmeriPath to couch all terminations without cause as non-renewals so as to avoid the 150-day severance period. But because AmeriPath must give at least 60 days notice of non-renewal, AmeriPath is permitted to elude severance costs in only 90 of those 149 days.