UNGARO, District Judge,
concurring in part and dissenting in part:
Pursuant to the terms of the employment contract, AmeriPath, Inc. (“AmeriPath”) had an unqualified right to prevent the automatic renewal of plaintiffs employment term, but in the event it exercised that right, was required to give notice of non-renewal at least 60 days prior to the end of the term. Alternatively, AmeriPath was entitled to terminate plaintiffs employment without cause so long as it gave written notice of such termination. These provisions are unambiguous; the mode of termination communicated is determinative. See Heyman v. Fin. Properties Developers, Inc., 175 Ga.App. 146, 147, 332 S.E.2d 893, 895 (Ga.Ct.App.1985) (finding that the employee was terminated under a particular provision of an employment contract because that provision was “specifically invoked” in the termination letter). And the plain meaning of these provisions should govern despite the fact that it partially strips paragraph 14(c) of its force.[1] Accordingly, because Ameri- *853 Path’s letter to plaintiff communicated nonrenewal and not termination, what occurred here was a non-renewal. For this reason, I partially dissent.

. There are admittedly 149 days in which it would be financially prudent for AmeriPath to couch all terminations without cause as non-renewals so as to avoid the 150-day severance period. But because AmeriPath must give at least 60 days notice of non-renewal, Ameri- *853 Path is permitted to elude severance costs in only 90 of those 149 days.