**FIRST DIVISION**
**PHIPPS, C. J.,**
**DOYLE, P. J, and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**June 12, 2015**

# In the Court of Appeals of Georgia

A15A0574. CHENEY v. LAWSON.                                DO-028

DOYLE, Presiding Judge.

Amanda Lawson filed a medical malpractice action against Dr. David Cheney after she experienced a serious infection and complications following breast augmentation surgery performed by Cheney. The jury found in favor of Lawson, awarding her $500,000. Cheney appeals, arguing that the trial court erred by (1) admitting a summary of Lawson's medical bills; (2) denying Cheney's motion for a mistrial and failing to admonish plaintiff's counsel after counsel mentioned other claims against Cheney in violation of the trial court's ruling excluding such evidence; and (3) failing to admonish plaintiff's counsel for mentioning an apology letter from one of Lawson's treating physicians. For the reasons that follow, we reverse.

Construed in favor of the verdict,[1] the evidence shows that Lawson paid $3,450 for breast augmentation surgery, which Cheney performed with the assistance of his business partner. Lawson was not given general anesthesia, but was awake and alert during the painful three- to four-hour procedure. In the days following the procedure, Lawson experienced pain, swelling, and drainage from her breasts, and one of the implants began to protrude from the point of insertion. Lawson saw another doctor, Wallace Steve Anderson, who admitted her to the hospital for infection, and she was treated by multiple other doctors, including an infectious disease specialist. Lawson was eventually diagnosed with methicillin-resistant staphylococcus aureus ("MRSA"), and she ultimately had the implants removed.

Lawson filed suit against Cheney. At the conclusion of the trial, the jury found Cheney liable, awarding Lawson $500,000, and the trial court entered judgment.[2] This appeal followed.

---

[1] See *Hand v. South Ga. Urology Center, P.C.*, ___ Ga. App. ___, (769 SE2d 814) (2015).

[2] Lawson also named as defendants Southeast Laser & Plastic Surgery, Inc. ("SLPS"), and the owner of the business, Chavez-Yawn. Neither SLPS nor Chavez-Yawn participated in the trial, and the jury awarded Lawson $250,000 against each of them.

1. Cheney contends that the trial court erred by admitting a single-paged summary of Lawson's medical bills because the underlying bills were not admitted into evidence, and Lawson failed to lay the necessary foundation for their admission.

During the trial, plaintiff's counsel asked Lawson whether she could identify the medical records contained in Exhibit 4, a compound exhibit consisting of Lawson's medical bills from seven providers, "as [her] medical bills [sic] that [she] incurred as a result of – – ?" Counsel was interrupted by the trial court to clear up confusion regarding the exhibit numbers, and Lawson never answered the question. Cheney objected to admission of Exhibit 4, and the trial court reserved ruling on the objection.[3] Lawson then identified Exhibit 5, a single-paged summary of her medical bills, which summary listed charges from the same seven providers, totaling $24,698.34. Lawson confirmed that the summary reflected "[her] medical bills from these same physicians and hospitals."[4] Cheney objected to the admission of Exhibit 5, arguing that there had been no testimony regarding most of the providers listed in the summary, and therefore, Lawson had failed to demonstrate that the bills were

[3] The trial court ultimately excluded Exhibit 4.

[4] The medical bills are not a part of the appellate record. Exhibit 5, as it appears in the record, consists solely of the one-page summary.

reasonably incurred as a result of Cheney's actions.[5] The trial court overruled the objection and admitted Exhibit 5.

"The decision to admit or exclude evidence is committed to the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion."[6] "'Where a party sues for damages, [s]he has the burden of proof of showing the amount of loss in a manner in which the jury . . . can calculate the amount of the loss with a reasonable degree of certainty. An allowance for damages cannot be based on guess work.'"[7] A patient suing for medical malpractice "shall be a competent witness to identify bills for expenses incurred in the treatment of the patient *upon a showing . . . that the expenses were incurred in connection with the*

---

[5] Although plaintiff's counsel argued to the trial court that Lawson had testified that she incurred the bills as a result of her surgery, we find no such testimony in the record, and Lawson has not provided a citation to the record therefor in her brief on appeal.

[6] (Punctuation omitted.) *Sellers v. Burrowes*, 302 Ga. App. 667, 671 (2) (691 SE2d 607) (2010).

[7] (Punctuation omitted.) *Lester v. S. J. Alexander, Inc.*, 127 Ga. App. 470, 471 (1) (193 SE2d 860) (1972).

*treatment of the injury, disease, or disability involved in the subject of litigation at trial. . . .*"[8] Thus, if

> medical bills include charges for treatment, drugs, and hospitalization for items other than those arising out of the cause of action, *the plaintiff has the duty to segregate the irrelevant expenses* [because s]he has the burden of proof to show [her] losses in such manner as can permit calculation thereof with a reasonable degree of certainty.[9]

In this case, there was no testimony that the charges listed in the summary were incurred as a result of the procedure performed by Cheney.[10] And plaintiff's counsel conceded during opening statements that although Lawson was "in very bad health" after the breast augmentation, "not everything is related to this surgery." There was evidence that Lawson was diagnosed with a seizure disorder, and she was treated for

---

[8] (Emphasis supplied.) OCGA § 24-9-921 (a).

[9] (Punctuation omitted; emphasis supplied.) *Daniel v. Parkins*, 200 Ga. App. 710, 711-712 (4) (409 SE2d 233) (1991), quoting *Lester*, 127 Ga. App. at 470 (2).

[10] Compare *Emory Healthcare, Inc. v. Pardue*, 328 Ga. App. 664, 673-374 (4) (760 SE2d 674) (2014) (affirming admission of edited medical bills because the "[p]laintiff provided lay testimony that the edited bills admitted into evidence were related solely to the injury at issue in the present litigation") (physical precedent only); *Daniel v. Parkins*, 200 Ga. App. 710, 712 (4) (409 SE2d 233) (1991) ("appellee's own testimony that the edited medical bills represented expenses incurred in connection with the treatment of the back injury that he allegedly sustained in the collision was sufficient to authorize their admission into evidence").

5

hypertension and insomnia by one of the doctors who treated her for complications arising from the procedure. There was no evidence linking these conditions and diagnoses to the procedure performed by Cheney, nor is there evidence that charges from such treatments were excluded from the summary of medical bills. Thus, because Lawson failed to demonstrate sufficiently that she incurred all of the charges listed in the summary as a result of Cheney's actions,[11] the trial court erred by admitting it.[12]

Additionally, there is no merit to Lawson's argument that admission of her medical bill summary was harmless because the verdict form was general. "Under the circumstances presented here, the opposite of this is true: [because] the jury found a

---

[11] Lawson has pointed to no testimony in the trial transcript regarding several of the providers listed in the bill summary, including Mercer Medicine, Medical Center of Central Georgia, and Douglas Internal Medicine. And although Cheney tendered Lawson's medical records from these providers, as we have previously noted, the records were not admitted into evidence

[12] See *Hossain v. Nelson*, 234 Ga. App. 792, 794 (4) (507 SE2d 243) (1998); *Lester*, 127 Ga. App. at 472 (1). See also *Eberhart v. Morris Brown College*, 181 Ga. App. 516, 518 (1) (352 SE2d 832) (1987).

general verdict for [Lawson] against [Cheney], the verdict cannot stand [because] this [C]ourt cannot determine whether the verdict was entered upon a proper basis."[13]

2. In light of our holding in Division 1, we decline to address Cheney's remaining enumerations.

*Judgment reversed. Phipps, C. J., and Boggs, J., concur.*

---

[13] (Punctuation omitted.) *MARTA v. Mitchell*, 289 Ga. App. 1, 4 (659 SE2d 605) (2007), quoting *Troncalli v. Jones*, 237 Ga. App. 10, 13 (1) (514 SE2d 478) (1999) and citing *Lee v. Mercedes-Benz, USA*, 276 Ga. App. 28, 30 (2) (622 SE2d 361) (2005); *Wolff v. Middlebrooks*, 256 Ga. App. 268, 271-272 (3) (568 SE2d 88) (2002); *Ga. Power Co. v. Busbin*, 242 Ga. 612, 616-617 (8) (250 SE2d 442) (1978). We note that during closing, Lawson's counsel specifically requested an award that would include the $24,698 she owed in medical bills, and the trial court instructed the jury that any damage award to Lawson could include the cost of her medical treatment.