**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**_DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._**

**October 12, 2021**

# In the Court of Appeals of Georgia

A21A1091. ROWE d/b/a SHELLMAR TREE SERVICE v. TYSON.

MERCIER, Judge.

Howard Tyson filed a lawsuit against Hank "Bo" Rowe d/b/a Shellmar Tree Service alleging that he was significantly injured while working for Rowe on a tree removal job.[1] A jury awarded Tyson $4,250,000, and Rowe filed this appeal. Rowe claims that the trial court erred by admitting evidence, by refusing to give his requested jury instructions, and by denying his motion for a judgment notwithstanding the verdict. Finding no error we affirm.

1. Rowe claims that the trial court erred by denying his motion for judgment notwithstanding the verdict, or, alternatively, his motion for new trial. In reviewing

---

[1] Beverly Tyson, aka Beverly Jones, was initially a plaintiff in the lawsuit but was no longer a party at the time of trial.

an order for a motion for judgment notwithstanding the verdict, an appellate court must decide whether all the evidence demanded judgment n.o.v., or whether there was some evidence supporting the verdict of the jury. See *Ogletree v. Navistar Intl. Transp. Corp.*, 271 Ga. 644, 647 (522 SE2d 467) (1999). "Where there is any evidence upon which the verdict can be based, the jury is free to disbelieve whatever facts are inconsistent with their conclusion and the court cannot substitute its conclusion for that of the jury and enter a judgment notwithstanding the verdict." Id. (citation and punctuation omitted). In our review, we construe the evidence at trial in the light most favorable to the prevailing party. See *Ga. Trails & Rentals v. Rogers*, 359 Ga. App. 207, 215 (3) (855 SE2d 103) (2021).

So viewed, the evidence at trial showed the following. In 2011 or 2012, Tyson began working for Rowe's company, Shellmar Tree Service. Tyson testified that he never received job training regarding cutting down trees and that his only responsibility was to pick up tree limbs that had fallen to the ground. Moreover, Tyson was never instructed on where to stand when other employees were cutting down trees.

On September 11, 2014, Rowe, Tyson and the rest of Rowe's crew went to Sea Island to cut down trees at a residential property. While the crew was cutting down

2

an 80 foot tall tree, Tyson was standing approximately 30 or 40 feet away in the opposite direction of where the crew intended the tree to fall. Chandler Joseph was on the ground next to the tree using a chainsaw, and Jonathan Howard was driving a tractor which was tied to the tree to guide it during the fall. Rowe was riding in the tractor and guiding the tension on the rope between the tree and the tractor.

As the crew was pulling the tree down, Tyson was hit and fell to the ground. When Tyson regained his ability to breathe, he asked Rowe what had happened, and Rowe said that Tyson had been hit by a "hang limb" from the top of the tree. Tyson observed a pine limb near him on the ground.

An emergency responder testified that he arrived to find Tyson "lying facedown next to a tree branch beneath a tree." The responder was told that Tyson had been hit by a falling tree limb. The injury rendered Tyson a quadriplegic, and his doctor opined that he will likely never make a full recovery.

At the time of the incident, Tyson was not wearing a hard hat. He testified that he would wear a hard hat if he was told to do so, but that he would not wear one otherwise and that there were no hard hats in the work truck.

An arborist testified that Tyson was standing too close to the tree at the time of the incident. While Tyson was standing approximately 30-40 feet away from the

3

tree, he should have been 180 feet away. The arborist opined that Tyson's injury was preventable.

Tyson claimed that Rowe negligently failed to provide a safe work environment. "To recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages." *Smith v. Found*, 343 Ga. App. 816, 818 (1) (a) (806 SE2d 287) (2017) (citation and punctuation omitted). Rowe, Tyson's employer, was at the location at the time of the incident. He could see Tyson standing 30 or 40 feet from the bottom of the tree, and Tyson was not wearing a hard hat. Rowe had far more experience cutting down trees than Tyson, who had only ever picked up tree limbs off the ground.[2] Moreover, evidence was presented that Tyson had been hit by a "hang limb" from the top of the tree and subsequently was rendered quadriplegic.

Rowe points to evidence that another tree removal company was using a wood chipper nearby when the incident occurred, to suggest that Tyson had been hit by wood from the chipper, instead of a hang limb. However, this evidence did not demand the grant of Rowe's j.n.o.v. See *Ogletree*, supra. Whether it was reasonably

---

[2] At the time of the incident, Rowe had been running his own tree business for over a decade.

4

foreseeable that Tyson's injury could occur, whether Tyson would have avoided the injury had Rowe required him to undergo safety training, wear a hard hat, and/or move further away from the tree, and whether Tyson exercised ordinary care, are questions of fact on which the jury could differ. Given the evidence, the jury was authorized to find that when the tree was cut down, Rowe should have reasonably known or anticipated that Tyson could be injured in the process. As such, the trial court did not err in denying Rowe's j.n.o.v. See generally *Champion v. Pilgrim's Pride Corp. of Delaware*, 286 Ga. App. 334, 337-338 (b) (649 SE2d 329) (2007) (jury issue as to whether the employee had specific knowledge or appreciation of the hazard when employer had superior knowledge in negligence action).

Rowe, alternatively, moved for a new trial, but the trial court could only grant that motion if, in the exercise of its discretion, it found that the jury's verdict was against the weight of the evidence. See OCGA §§ 5-5-20, 5-5-21; *Williamson v. Strickland & Smith*, 263 Ga. App. 431, 433 (1) (587 SE2d 876) (2003). When, as here, a trial court denies such a motion, "the appellate court does not have the discretion to grant a new trial on that ground. We can only review the evidence to determine if there is any evidence to support the verdict." Id. (citation and

5

punctuation omitted). As discussed above, there was evidence to support the jury's verdict. Therefore, we affirm the trial court's denial of Rowe's motion for new trial.

2. Rowe claims that the trial court erred by admitting Tyson's medical bills and a summary of those bills into evidence. "The decision to admit or exclude evidence is committed to the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion." *Cheney v. Lawson*, 333 Ga. App. 180, 182 (1) (773 SE2d 297) (2015) (citation and punctuation omitted).

Beverly Jones, Tyson's partner of 27 years, testified that she provides day-to-day care for Tyson by performing tasks such as feeding and bathing him, and moving him to avoid bedsores. She also took Tyson to the Shepherd Center for his care. Jones authenticated Tyson's medical bills, testifying that she was generally familiar with the bills as the person who has taken care of him for years. She testified that Tyson's medical records were from his hospital stays, the Shepherd Center, and his rehabilitation.

Under OCGA § 24-9-921 (a), a person responsible for care of the patient "shall be a competent witness to identify bills for expenses incurred in the treatment of the patient upon a showing by such a witness that the expenses were incurred in connection with the treatment of the injury . . . involved in the subject of litigation at

6

trial . . . ." Furthermore, "it shall not be necessary for an expert witness to testify that the charges were reasonable and necessary. However, nothing in this Code section shall be construed to limit the right of a thorough and sifting cross-examination as to such items of evidence." OCGA § 24-9-921 (b).

Jones is responsible for the care of Tyson and identified the bills as expenses incurred in Tyson's treatment for his underlying injury. And counsel for Tyson had the opportunity to cross-examine Jones about the bills and summary. See *Arnsdorff v. Fortner*, 276 Ga. App. 1, 6-7 (3) (622 SE2d 395) (2005) (physical precedent only) (trial court did not err in admitting medical bill summary when foundation regarding bills was laid that expenses were incurred as a result of the accident and defendant was not denied the opportunity to cross-examine as to the amount of medical expenses).

Furthermore, the parties stipulated that the medical bills and summary would be admitted into evidence in the pretrial order. As such, the trial court did not abuse its discretion in admitting the medical bills and summary into evidence. See *Hillman v. Aldi*, 349 Ga. App. 432, 442 (2) (825 SE2d 870) (2019) ("[g]iven that [the appellant] had stipulated to the authenticity of these documents in the pretrial order . . . the trial court did not err in admitting the exhibits over her objection"). Compare

7

*Cheney*, supra at 181-183 (1) (when underlying medical bills were not admitted into evidence and no testimony that the charges listed in the summary were incurred as a result of the medical malpractice procedure at issue, trial court abused its discretion by admitting summary of medical bills).

3. Rowe argues that the trial court erred by admitting photographs of the property where the incident occurred because the photographs were taken years after the incident. But, Rowe fails to support this error with citation of authority or legal argument. As such, it is abandoned. See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."); *Davis v. Osinuga*, 330 Ga. App. 278, 281-282 (2) (767 SE2d 37) (2014).

4. Rowe claims that the trial court erred by refusing to give several of his requested jury charges. "In order for a refusal to charge to be error, the request must be entirely correct and accurate; adjusted to the pleadings, law, and evidence; and not otherwise covered in the general charge." *Lee v. Swain*, 291 Ga. 799, 800 (2) (b) (733 SE2d 726) (2012) (citation and punctuation omitted).

(a) Rowe requested a jury charge on accident based on *Caldwell v. Knight*, 94 Ga. App. 827 (96 SE2d 331) (1956). Rather than giving the defendant's requested accident jury charge, the trial court instructed the jury that "this is a tort case in which the Plaintiff must prove by a preponderance of the evidence that the negligence of the Defendant, if any, was the proximate cause of the injuries to the Plaintiff." The trial court also instructed that "[b]efore a Plaintiff can recover damages from a Defendant in a case such as this, there must be an injury to the Plaintiff resulting from the Defendant's negligence." As the defendant's requested charge was generally covered by the other jury charges, we find no error. See *Benson v. Hunter*, 184 Ga. App. 40, 40-41 (360 SE2d 612) (1987) (as negligence charges were given by trial court "the failure to give the additional requested charge on the merely 'elaborative' defense of legal accident was, at most, harmless error") (citation and punctuation omitted).

(b) Rowe also challenges the trial court's refusal to give his requested ordinary care jury charge. Not only did the trial court instruct the jury on ordinary care, Rowe failed to object to the trial court's refusal to give his specific requested charge at trial. This issue has been waived for purposes of appeal. See *Beal v. Costa*, 269 Ga. App. 873, 874 (2) (605 SE2d 631) (2004).

9

(c) Rowe objects to the trial court's refusal to give his requested charge on contributory negligence. But he fails to support this enumerated error with argument or citation of authority. Instead, Rowe merely reiterates the requested charge and its origin. Thus it is deemed abandoned. See *Gaines v. Crompton & Knowles Corp.*, 190 Ga. App. 863, 865 (3) (380 SE2d 498) (1989).

(d) Rowe claims that the trial court erred by failing to give his requested jury instruction that stated: "[a]n employer is not liable to an employee for injuries arising from the negligence or misconduct of other employees working about the same business." Again, Rowe fails to support this enumerated error with argument or citation of authority and thus it is deemed abandoned. See *Gaines*, supra.

(e) Rowe claims that the trial court erred by refusing to give another requested ordinary care jury charge. As discussed in Division 4 (b), the trial court gave an ordinary care pattern jury charge. See Suggested Pattern Jury Instructions, Vol. I: Civil Cases (2020) § 60.110. The trial court did not err in refusing to charge the jury with Rowe's requested ordinary care charge. See *Thompson v. Princell*, 304 Ga. App. 256, 261 (b) (696 SE2d 91) (2010) ("It is axiomatic that a jury charge need not be given in the exact language requested if the charge as given clearly covers the circumstances of the case.") (citation and punctuation omitted).

10

(f) Rowe claims that the trial court erred by refusing to give his requested jury charge regarding an employee's knowledge of a hazard and assumption of risk. Rowe fails to support this enumerated error with argument or citation of authority and thus it is deemed abandoned. See *Gaines*, supra.

(g) Rowe claims that the trial court erred by refusing to give his jury charge regarding an employer's duty to warn of dangers incident to the job. Again, Rowe fails to support this enumerated error with argument or citation of authority and thus it is deemed abandoned. See *Gaines*, supra.

5. Rowe claims that the trial court erred by not allowing Tyson to use an affidavit at trial, but, again, he fails to support this claim with citations to the record, citation of authority, or legal argument. As such, it is abandoned. See *Davis*, supra.

*Judgment affirmed. Dillard, P. J., and Pinson, J., concur.*