[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10108

Non-Argument Calendar

_____

MONISHA S. MOHAMMED,

Plaintiff-Appellant,

versus

GHX GLOBAL HEALTHCARE EXCHANGE INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:20-cv-00029-CC

_____

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Monishia Mohammed[1] appeals following the grant of summary judgment to GHX Global Healthcare Exchange, Inc. ("GHX"), in her suit raising retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a), and 42 U.S.C. § 1981, and a battery claim under Georgia state law.[2] Procedurally, the district court granted GHX's motion after excluding evidence Mohammed offered in opposition, including a LinkedIn page, an audio recording, and text messages. On appeal, Mohammed contends that the LinkedIn page should have been admitted because it was relevant, not hearsay, and properly authenticated; she argues that her audio recording with a security

---

[1] Although the case caption identifies Mohammed's first name as "Monisha," both parties refer to her as "Monishia."

[2] Mohammed also raised two other state tort law claims—for negligent supervision and retention, and intentional infliction of emotional distress—which the district court rejected when granting summary judgment. She has abandoned the former ruling by not challenging it on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). She has abandoned the latter because, although she mentions it on appeal, she does not challenge the district court's dispositive finding that the conduct she alleged did not rise to the level required to show an intentional infliction of emotional distress. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Thus, we will not discuss these claims.

guard was authenticated by GHX's counsel; and she contends that the text messages were properly authenticated.  Next, Mohammed argues that the district court erred when it granted summary judgment on her federal retaliation claims because her supervisors' knowledge about her protected activity, i.e., filing an internal complaint in June 2018, could be inferred.  Finally, Mohammed argues that her state law battery claim is not barred by *respondeat superior* because her supervisor was acting within the scope of employment when touching her.

For ease of reference, we will address each point in turn.

## I.

We review a district court's evidentiary rulings for an abuse of discretion. *Proctor v. Fluor Enters., Inc.*, 494 F.3d 1337, 1349 n.7 (11th Cir. 2007).  An appellant, however, has the burden "to ensure the record on appeal is complete, and where a failure to discharge that burden prevents us from reviewing the district court's decision we ordinarily will affirm the judgment." *Selman v. Cobb Cnty. Sch. Dist.*, 449 F.3d 1320, 1333 (11th Cir. 2006); *see also Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC*, 684 F.3d 1211, 1224 (11th Cir. 2012).

Several evidentiary rules are relevant to this appeal.  Evidence is relevant if it has any tendency to make a material fact more or less probable than it would be without the evidence.  Fed. R. Evid. 401.  Relevant evidence is generally admissible,

whereas irrelevant evidence is never admissible.  *See* Fed. R. Evid. 402.

Evidence is properly authenticated when there is "evidence sufficient to support a finding that the item is what the proponent claims it is."  Fed. R. Evid. 901(a).  The proponent of the evidence has the burden of authentication.  *See United States v. Mar. Life Caribbean Ltd.*, 913 F.3d 1027, 1033 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 858 (2020).  Among other ways, the proponent can authenticate evidence with the testimony of a witness with knowledge.  Fed. R. Evid. 901(b)(1).  Additionally, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter," and "[e]vidence to prove personal knowledge may consist of the witness's own testimony."  Fed. R. Evid. 602.

Generally, hearsay is not admissible.  *See* Fed. R. Evid. 802. "The general rule is that inadmissible hearsay 'cannot be considered on a motion for summary judgment.'"  *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (footnote omitted) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)).  Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).  However, certain public records are not subject to the rule against hearsay.  Fed. R. Evid. 803(8).  And Rule 803(23) provides an exception for judgments that are "admitted to prove a matter of personal, family, or general history, or bounda-

ries, if the matter: (A) was essential to the judgment; and (B) could be proved by evidence of reputation."

Here, we find that the district court did not abuse its discretion when it excluded the LinkedIn page, the recording, or the text messages. First, the LinkedIn page of a manager hired by GHX after Mohammed left the company was unauthenticated because she provided no testimony or affidavit proving that the page was what she claimed it was. Moreover, the page contained inadmissible hearsay because it was an out of court statement that Mohammed offered for the truth of the matter asserted and did not fall within any hearsay exceptions. Second, any challenge by Mohammed to the exclusion of the audio recording fails because it is not contained in the record on appeal. Third, the text messages were not authenticated and were inadmissible because Mohammed did not meet her burden of authentication and provide an affidavit or testimony explaining who the sender was or what the sender meant by "stomached." Accordingly, we affirm in these respects.

## II.

We review *de novo* the district court's grant of summary judgment and apply the same standard used by the district court. *Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276–77 (11th Cir. 2001). But we will not consider "an issue not raised in the district court and raised for the first time in an appeal." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Moreover, an appellant abandons a claim when she raises it for the first

6                    Opinion of the Court                    21-10108

time in her reply brief.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014).  Likewise, to reverse a district court order that is based on multiple, independent grounds, a party must convince us "that every stated ground for the judgment against him is incorrect."  *Id.* at 680.

Title VII prohibits private employers from discriminating against an employee because of their race.  42 U.S.C. § 2000e–2(a).  It also prohibits employers from retaliating against an employee because she has opposed an act made unlawful by Title VII.  *Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1257–58 (11th Cir. 2012); 42 U.S.C. § 2000e–3(a).  In turn, 42 U.S.C. § 1981 prohibits discriminating on the basis of race during the course of a contractual relationship, such as one involving employment, and likewise encompasses retaliation claims.  *See CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 446, 452 (2008).

Absent direct evidence that an employer has retaliated, we employ the *McDonnell Douglas* burden-shifting framework when analyzing claims for retaliation.  *See Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010).  The first step under the *McDonnell Douglas* framework is for the plaintiff to establish a *prima facie* case of retaliation.  *Id.*  For a retaliatory refusal to promote, a plaintiff must show that: "(1) she 'engaged in a statutorily protected activity'; (2) she 'suffered a materially adverse action'; and (3) 'there was a causal connection between her protected activity and the adverse action.'"  *See Gate Gourmet*, 683 F.3d at 1258 (quoting *Howard v. Walgreen Co.*, 605 F.3d 1239, 1244

21-10108                Opinion of the Court                7

(11th Cir. 2010)).  To establish a retaliatory hostile work environment claim, a plaintiff must show, among other things, that she was subjected to unwelcome harassment "based on" her engaging in the protected activity.  *See Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 861 (11th Cir. 2020).  To establish a constructive discharge claim, the employee must demonstrate that her employer deliberately made working conditions intolerable, thereby forcing her to quit her job.  *Bryant v. Jones*, 575 F.3d 1281, 1298 (11th Cir. 2009).

To prove causation for purposes of making out a *prima facie* case of retaliation, a plaintiff must first show that "the decision-maker[s] [were] aware of the protected conduct" and then establish that the protected activity and the adverse action "were not wholly unrelated."  *McCann v. Tillman*, 526 F.3d 1370, 1376 (11th Cir. 2008) (alterations in original) (quoting *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000)).  The "plaintiff must, at minimum, generally establish that the employer was actually aware of the protected expression at the time [it] took the adverse action."  *Raney v. Vinson Guard Serv., Inc.*, 120 F.3d 1192, 1197 (11th Cir. 1997).

With respect to Mohammed's June 2018 complaint,[3] the record shows that the district court properly granted summary

---

[3] Although Mohammed identifies a February 2019 complaint to human resources as a second protected activity, she did not rely on that before the district court.  Accordingly, we will not consider it.  In any event, to the extent

judgment against Mohammed on her federal retaliation claims. Because Mohammed did not establish that her supervisors actually knew about that complaint, she did not establish that her protected expression caused her to suffer an adverse action. We conclude that Mohammed's argument that her supervisors' knowledge could be inferred unavailing because actual, not constructive, knowledge is required for a retaliation claim. *See id.* And to the extent Mohammed relied on conclusory allegations or speculation, that was insufficient to show knowledge. We therefore reject this argument and affirm the summary judgment in favor of GHX as to Mohammed's federal retaliation claims.

## III.

Under Georgia law, a person commits the tort of battery when one person unlawfully touches another with intent to harm or insult. *Hendricks v. S. Bell Tel. & Tel. Co.*, 387 S.E.2d 593, 594–95 (1989). Under *respondeat superior*, a principal is liable for the tortious acts of its agent, but only where the agent is acting within the scope of, and in furtherance of, the principal's business. *Piedmont Hosp., Inc. v. Palladino*, 580 S.E.2d 215, 217 (Ga. 2003). If the agent commits a tort for reasons unconnected to or outside

the latter complaint only alleged unfair treatment, not discrimination on the basis of race, sex, or national origin, it would not have constituted protected activity. *See Coutu v. Martin Cnty. Bd. of Cnty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995).

21-10108                Opinion of the Court                9

the scope of his employment, the principal is not liable for that conduct. *Id.* at 217–18.

Here, the district court did not err in granting summary judgment on Mohammed's state law battery claim against GHX. Her claim was precluded, in part, by *respondeat superior,* because the undisputed evidence showed that GHX had no business purpose for her supervisor to touch Mohammed in the allegedly unlawful manner she complained of. We therefore also affirm the district court's grant of summary judgment in favor of GHX on Mohammed's Georgia tort claim.

**AFFIRMED.**